## BLOOM & HAMLIN v. NIXON et al.

(Circuit Court, E. D. Pennsylvania. November 23, 1903.)

### No. 18.

1. MUSICAL COMPOSITIONS—COPYRIGHT—PRODUCTION—IMITATION.

Plaintiffs were the owners and producers of a copyrighted song, which was rendered during the performance of an extravaganza by an actress who was required during the action to step to one of the boxes, single out a particular person, and sing the song to him alone, accompanied by certain gestures, postures, and other artistical effects; she being assisted in the chorus by a number of other actresses. *Held*, that an imitation of the actress while singing such song by another actress, in which she, in good faith, attempted to mimic the postures and gestures of the original actress, etc., and used the chorus of the song only as a vehicle for the imitation, was not prohibited by Rev. St. § 4966, as amended in 1897 [3 U. S. Comp. St. 1901, p. 3415], prohibiting any person from publicly performing or representing any dramatic or musical composition for which a copyright had been obtained, without the consent of the proprietor.

Thomas W. Barlow, Nathan Burkan, and Henry P. Brown, for complainants.

William Klein and George S. Graham, for defendants.

J. B. McPHERSON, District Judge. The complainant Bloom owns the copyright of a song entitled "Sammy," and the complainant Hamlin is the manager and owner of a musical extravaganza entitled "The Wizard of Oz," and avers that he has an exclusive license to perform and represent the song in public. The song was not composed as part of the extravaganza, but was a later production, by other hands, introduced because it was believed to be likely to attract. The stage business to be used by the actress who was to sing the song was prepared by Hamlin's stage director, and requires the actress to step to one of the proscenium boxes, single out a particular person in the box, and sing to him alone. A number of girls are also brought upon the stage to sing the chorus, and there are the usual gestures, postures, and other resources of the actor's and of the manager's art. The song, aided by these accompaniments—especially, as it seems, by the rather striking impertinence of making one of the audience uncomfortable—obtained some popular favor; and Lotta Faust, who is the most recent singer of the song, was regarded in the theatrical profession as having "made a hit." The defendants are owners and managers of a musical comedy entitled "The Runaways," and among the company is an actress named Fay Templeton, who is said to possess unusual powers of mimicry. In The Runaways she imitates the peculiarities and characteristics of five actresses—among them, Lotta Faust singing the chorus of "Sammy." Her performance is preceded by an announcement that it is an imitation of Lotta Faust singing her song "Sammy" in The Wizard of Oz, and that only the chorus will be sung. Miss Templeton is alone upon the stage, no chorus of girls being present. It is this mimicry that the court is asked to enjoin, and the question for decision is whether such a performance is forbidden by section

125 F.—62

4966 of the Revised Statutes as amended in 1897 [3 U. S. Comp. St. 1901, p. 3415], which imposes a liability in damages upon any person "publicly performing or representing any dramatic or musical composition for which a copyright has been obtained, without the consent of the proprietor of said dramatic or musical composition," and authorizes such performance to be stopped by injunction.

The first verse and chorus of the song will exhibit its quality:

"Did you ever meet the fellow fine and dandy,
Who can readily dispel your ills and woes?
Did you ever meet the boy who's all the candy
Where'er he goes?
That's the very sort of fellow I'm in love with,
He is all the daffodils of early spring,
And to me the finest bliss is
Just to revel in his kisses
When to him I sing:"

(Chorus)
" 'Sammy, oh, oh, oh, Sammy,
For you I'm pining when we're apart;
Sammy, when you come wooing
There's something doing around my heart.
Sammy, oh, oh, oh, Sammy,
Can't live without you, my dream of joy;
Tell me, oh, oh, oh, tell me,
You're only mine, my Sammy boy.' "

As will, no doubt, be observed, this sounds the note of personal emotion that is the characteristic of the lyric; and I think counsel are agreed that there is nothing dramatic about either the words or the music. Assuming, for present purposes, that a lyric is capable of being "performed or represented" in the sense that should be given to those words as they are used by the statute, the question remains, is the song in fact being performed or represented? In my opinion, the question should be answered in the negative. What is being represented are the peculiar actions, gestures, and tones of Miss Faust; and these were not copyrighted by the complainant Bloom, and could not be, since they were the subsequent device of other minds. It is the personality imitated that is the subject of Miss Templeton's act, modified, of course, by her own individuality, and it seems to me that the chorus of the song is a mere vehicle for carrying the imitation along. Surely a parody would not infringe the copyright of the work parodied, merely because a few lines of the original might be textually reproduced. No doubt, the good faith of such mimicry is an essential element; and, if it appeared that the imitation was a mere attempt to evade the owner's copyright, the singer would properly be prohibited from doing in a roundabout way what could not be done directly. But where, as here, it is clearly established that the imitation is in good faith, and that the repetition of the chorus is an incident that is due solely to the fact that the stage business and the characteristics imitated are inseparably connected with the particular words and music, I do not believe that the performance is forbidden either by the letter or the spirit of the act of 1897. The owner of the copyright is entitled (upon the assumption heretofore stated) to be protected from unauthorized public

performance or representation of the song, in order that whoever might desire to hear "Sammy" sung in public would be obliged to attend a performance of The Wizard of Oz; and, as it seems to me, he still has that protection. The song is only sung publicly in that extravaganza. Fay Templeton does not sing it, she merely imitates the singer; and the interest in her own performance is due, not to the song, but to the degree of excellence of the imitation. This is a distinct and different variety of the histrionic art from the singing of songs, dramatic or otherwise, and I do not think that the example now before the court has in any way interfered with the legal rights of the complainants.

For the present, of course, I am guided by the ex parte affidavits. When the evidence comes to be put in, a different case may be presented.

A preliminary injunction is refused.