GREEN et al. v. MINZENSHEIMER.

(Circuit Court, S. D. New York.   March 19, 1909.)

COPYRIGHTS (§ 66*)—"INFRINGEMENT"—WHAT CONSTITUTES—TEMPORARY IN-
JUNCTION.
   The singing of a single verse and chorus of a copyrighted song, without
musical accompaniment, in imitation of the voice, postures, and manner-
isms of another, is not an "infringement," against which a temporary in-
junction will issue.
   [Ed. Note.—For other cases, see Copyrights, Dec. Dig. § 66.*
   For other definitions, see Words and Phrases, vol. 4, pp. 3590–3594.
   Infringement of copyright by use of extracts and quotations, see note to
G. & C. Marriam Co. v. United Dictionary Co., 76 C. C. A. 475.]

In Equity.   Suit by Irene Franklin Green and another against Belle
Blanch Minzensheimer.   On motion for injunction restraining defend-
ant from producing upon the stage a copyrighted musical composi-
tion.   Denied.

Nathan Burkan, for complainants.
August Dreyer, for defendant.

COXE, Circuit Judge.   The foundation of the motion appears to be
a copyright upon the musical composition "Redhead."   It appears that
one Leo Feist is the owner of the copyright upon the musical composi-
tion.   He, however, is not a party to this action.   It is alleged that
the complainants have reserved to themselves the dramatic right in
"Redhead."   The defendant is charged with infringement because
she imitates the voice, postures and mannerisms of the complainant
Irene Franklin Green by singing one verse and the chorus of "Red-
head."   She does this without musical accompaniment of any kind,
prefacing her singing by the announcement that she will give "a sug-
gestion of Irene Franklin," which is the stage name of Irene Franklin
Green.   It is not easy to see how the defendant infringes the copy-
right of a musical composition not owned by the complainants by a
performance in which no music is used, especially as the court is
not informed what the defendant does, except in the most general way.
If, as the affidavits seem to show, the short performance by the de-
fendant in which she imitates several well-known popular singers,
the complainant among the rest, derives its popularity from the mim-
icry and cleverness in which she reproduces the mannerisms of these
popular favorites, I am unable to see how the case can be distinguished
from Bloom & Hamlin v. Nixon (C. C.) 125 Fed. 977.   It is enough
for the present to say that, upon the papers submitted to me, there
is too much doubt to warrant the issuing of a preliminary injunction.
   The motion is denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes