## GREEN et al. v. LUBY.

(Circuit Court, S. D. New York. December 21, 1909.)

**1. COPYRIGHTS (§ 7*)—SUBJECTS—CLASSIFICATION—"DRAMATICO-MUSICAL COMPOSITION."**

A sketch, consisting of a series of recitations and songs, with a very little dialogue and action, and with scenery, and lights thrown upon the singer, is a dramatico-musical composition, within the provisions of the copyright law.

[Ed. Note.—For other cases, see Copyrights, Dec. Dig. § 7.*

For other definitions, see Words and Phrases, vol. 3, p. 2198.]

**2. COPYRIGHTS (§ 7*)—VALIDITY—CLASSIFICATION.**

Under Copyright Law (Act March 4, 1909, c. 320, 35 Stat. 1076 [U. S. Comp. St. Supp. 1909. p. 1291]) § 5, providing that an error in classification shall not invalidate a copyright, the classification of a dramatico-musical composition as a dramatic composition does not affect the validity of the copyright.

[Ed. Note.—For other cases, see Copyrights, Dec. Dig. § 7.*]

**3. COPYRIGHTS (§ 42*)—NATURE—RIGHTS ACQUIRED.**

Under Copyright Law (Act March 4, 1909, c. 320, 35 Stat. 1075 [U. S. Comp. St. Supp. 1909, p. 1289]) § 1. subd. "d," giving the holder of a copyright the exclusive right to perform or represent the copyrighted work publicly if a drama, and subdivision "e," giving the exclusive right to perform the copyrighted work publicly for profit if it be a musical composition, the holder of the copyright of a song constituting a part of a dramatic sketch, and those claiming under him, have the exclusive right to publicly present it.

[Ed. Note.—For other cases, see Copyrights, Dec. Dig. § 42.*]

**4. COPYRIGHTS (§ 66*)—INFRINGEMENT—WHAT CONSTITUTES.**

Where one sings an entire copyrighted song with musical accompaniment, she is guilty of infringement, though she purports merely to mimic another.

[Ed. Note.—For other cases, see Copyrights, Dec. Dig. § 66.*]

In Equity. Suit by Irene Franklin Green and others against Edna Luby. Heard on motion for temporary injunction. Granted.

Nathan Burkan, for complainants.

Max D. Josephson, for defendant.

NOYES, Circuit Judge. This is an application for a preliminary injunction to restrain the defendant from publicly singing an alleged copyrighted song entitled "I'm a Bringing up the Family," which song, it is alleged, was written as a number or part of a copyrighted dramatic sketch entitled "The Queen of the Vaudeville."

The defendant contends, in the first place, that the sketch "The Queen of the Vaudeville" is a musical composition, and not a dramatic composition, within the meaning of the copyright law of 1909 (Act March 4, 1909, c. 320, 35 Stat. 1075 [U. S. Comp. St. Supp. 1909, p. 1289]). There is much force in this contention. The work is essentially a series of recitations and songs to be recited or sung by the same person dressed in different costumes. The action and dialogue in addition thereto are hardly sufficient to make a dramatic composition. Still the work is something more than a mere musical composi-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion. The singer dresses in costumes to represent the different characters. There is a very little dialogue or "patter"—the latter being, apparently, the professional term. There is also a very little action. The singer gets out of a cradle. There is scenery, and lights are thrown upon the singer. I think the sketch may fairly be classified as a "dramatico-musical composition" within the meaning of the copyright act.

But the fact that the sketch was improperly classified as a dramatic composition in taking out the copyright would not affect its validity. The copyright law expressly provides (section 5) that an error in classification shall not invalidate or impair a copyright. Moreover, the particular song in question—a number of the sketch—was copyrighted by the complainant Feist as a musical composition before the copyright of the sketch, and I do not understand that any question is raised as to the validity of such copyright.

Regarding, then, the sketch as a dramatic composition, the complainants have the exclusive right to publicly present it. Subdivision "d" of section 1 of the copyright law gives the exclusive right "to perform or represent the copyrighted work publicly if a drama." And, regarding the song as a musical composition, the complainants have the exclusive right to publicly perform it. Subdivision "e" of said section gives the exclusive right "to perform the copyrighted work publicly for profit, if it be a musical composition." It is not disputed that the complainants Green have the right to produce the song under the copyright to the complainant Feist.

The next question is one of infringement. The defendant admits that she sings the copyrighted song with musical accompaniment, but she says that she does so merely to mimic the complainant Irene Franklin Green. She contends that she gives impersonations of various singers, including said complainant, and, as incidental to such impersonations, sings the songs they are accustomed to sing. The mimicry is said to be the important thing; the particular song, the mere incident. But I am not satisfied that, in order to imitate a singer, it is necessary to sing the whole of a copyrighted song. "The mannerisms of the artist impersonated," to use the language of the defendant's brief, may be shown without words. And if some words are absolutely necessary, still a whole song is hardly required. And if a whole song is required, it is not too much to say that the imitator should select for impersonation a singer singing something else than a copyrighted song.

Bloom v. Nixon (C. C.) 125 Fed. 977, is distinguishable in that in that case the chorus only of the copyrighted song was sung. Green v. Minzensheimer (decided by this court March 19, 1909) 177 Fed. 286, is distinguishable in that in that case the defendant imitated the singer without musical accompaniment, and the testimony as to just what she did was not clear.

A preliminary injunction may issue as prayed for, upon the filing by the complainants of a bond, with sufficient surety, in the sum of $2,000, conditioned that the complainants pay all damages sustained by the defendant, in case it be held that the complainants are not entitled to an injunction in the final decree.