## BEIDLER v. CAPS et al.

Court of Customs and Patent Appeals. December 19, 1929.

No. 2156.

Frank S. Appleman, of Washington, D. C. (Charles J. Williamson, of Washington, D. C., of counsel), for appellant.

Edward H. Cumpston, of Rochester, N. Y., for appellees.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge. This is an appeal from a decision of the Commissioner

of Patents in an interference proceeding, affirming the unanimous decisions of the lower tribunals of the Patent Office awarding priority of invention to the senior parties, Caps and Leininger, appellees herein.

The invention in controversy relates to photographing apparatus, and more specifically to a film holding means which is capable of holding the film in the focal plane of said apparatus, and in so mounting the means as to permit its movement while in the camera to present the two sides of the film (sensitized on both sides) alternately to the light admitting means of the camera.

The subject-matter in issue is more particularly defined by the counts, which read as follows:

"1. The combination with a camera body and a support for a sheet of double coated sensitive material in the focal plane thereof, of means for rotating said support within the camera body to present first one side and then the other side of the sensitive material to exposure.

"2. In a camera having a chamber and a lens, a member for holding film in the focal plane of the lens, and means for mounting the holder for movement in situ whereby the sides of the film are successively exposed to light admitted by the lens.

"3. In a photographic camera, the combination with the casing and lens, of a frame mounted on the casing to rotate on an axis transverse to the optical axis of the lens, means carried by said frame for supplying photographic material, and means carried by said frame and projecting into the casing across the optical axis of the lens for reversibly positioning such photographic material in the focal plane of the lens.

■ The application of appellant was filed on April 4, 1924; appellees filed on May 25, 1923. Appellees therefore are the senior parties, and the burden was upon appellant to establish by a preponderance of evidence a date of conception prior to that of appellees, and a reduction to practice thereafter with reasonable diligence from on or about May 25, 1923, when appellees entered the field.

Both parties introduced testimony. All of the interference tribunals of the Patent Office united in finding the following: That appellant was the first to conceive and disclose, but the last to reduce the invention to practice; that there was not the requisite proof of conception or reduction to practice by appellees prior to their filing date of May 25, 1923, and therefore said filing date must be held to be the date of conception and a constructive reduction to practice; that ap-

pellees actually reduced the invention to practice between September 20 and October 1, 1923; that appellant reduced the invention to practice in March, 1924; that appellant failed to exercise due diligence in reducing the invention to practice; that appellant failed to establish that he had disclosed the invention to the party Leininger, as charged, prior to appellees' date of conception; that appellees were joint inventors of the invention; that by reason of lack of due diligence upon the part of appellant in reducing the invention to practice priority should be awarded to appellees, the senior parties, although appellant's date of conception and disclosure was prior to that of appellees.

■ The findings of fact of the three tribunals of the Patent Office, being unanimous, will not be disturbed by this court unless manifestly wrong. Leonard v. Everett, 52 App. D. C. 90, 281 F. 594; Greenawalt v. Dwight, 49 App. D. C. 82, 258 F. 982. Under this rule we must accept the findings of the Patent Office that appellant did not disclose the invention to Leininger, and that appellees were joint inventors of the invention in issue, as set out in their application, for clearly the evidence and the law warranted such findings.

■ As to joint invention by appellees, the rule is that an application in due form, made by two persons claiming to be joint inventors, is prima facie evidence that they were such. Lemp v. Randall, 33 App. D. C. 430.

As to the alleged disclosure of the invention by appellant to Leininger, the evidence was sharply contradictory, and we find no ground upon which to hold that there was manifest error in finding that the alleged disclosure was not made.

■ Another contention of appellant is that the Commissioner erred in not finding that the invention in issue was known and discussed by the officials of the Cameragraph Company (a corporation of which appellees were employees, prior to its acquisition by the Photostat Corporation, of which appellees are now employees) prior to May 25, 1923, appellees' date of conception. The Commissioner held that the evidence did not support such a finding, and an examination of the record fully sustains the Commissioner in this respect. Furthermore, it has been held that the question of whether a senior party to an interference may be entitled to priority as against all persons is not an issue in an interference proceeding, but the question is whether the junior applicant has sustained the burden of establishing his own

priority over that of his opponent. Prindle v. Brown, 24 App. D. C. 114.

There are certain other errors alleged by appellant, which even if found by us to exist would not warrant a reversal of the decision of the Commissioner, because such errors clearly did not affect the conclusion reached. The principal error of this character charged is a finding by the Commissioner that appellant was chargeable with diligence in reducing the invention to practice from the date of his conception thereof, whereas in law he was so chargeable only from the time that appellees entered the field, or from May 25, 1923. Appellant is correct in this, but we think it clear from the Commissioner's decision that he found there was lack of diligence by appellant from immediately prior to May 25, 1923, when his duty of diligence began to run. However this may be, we shall discuss the proof of diligence later.

Another error alleged by appellant is that the Commissioner found that appellant had actual knowledge of the law requiring diligence in reducing his invention to practice. It is immaterial whether he had such actual knowledge or not. Ignorance of the law would not affect the measure of diligence required.

Another error charged is that the Commissioner found that appellees conceived the invention on December 10, 1922. It is true that the Commissioner was in error in so holding, for there was no corroborative proof of such conception as the law requires, but the error was immaterial for it in no wise affected the conclusion reached, and the result would have been the same had he held, as did the other tribunals of the Patent Office, that the date of conception by appellees was May 25, 1923. We would further observe that we do not think the Commissioner intended to hold that there was a conception and disclosure by appellees in December, 1922.

This leaves but a single question remaining, and that is: Did the appellant submit such proof of diligence in reducing the invention to practice that there was error on the part of the Commissioner in holding that he did not? The burden was upon appellant to show such diligence by a preponderance of evidence.

Appellant is president of the Rectigraph Company of Rochester, N. Y., and has for many years controlled its activities, giving to it his undivided attention. Said company has for over 20 years been engaged in the photo copying art. Appellant was a creator of this art and has had many patents issued to him relating to copying machines. He conceived and disclosed the invention here in issue in the fall of 1909, but did nothing toward reducing the same to practice until March, 1923. The Rectigraph Company, of which he was president and general manager, was engaged in the manufacture of photo copying machines of the simplex type, that is, photographing upon one side of the film only, and also in the manufacture of sensitized paper for use in photograph copying machines.

The evidence shows that for some time prior to February 1, 1923, the Rectigraph Company did not have a mechanical expert employed, but shortly before said date appellant made application to the Masonic Employment Bureau of Rochester for such an expert; that on February 1, 1923, upon the recommendation of said bureau, he employed one John A. Smith to take charge of the mechanical department of the Rectigraph factory and to build a number of machines, one of which was a machine embodying the invention here in issue, but did not at that time disclose to him the details of such a machine. He did, however, tell him that he would have to work on said machine as he found time, as there were other matters to be attended to first, particularly the building of a new coating machine, rewinding machine, rebuilding machine, and other apparatus which he named. The evidence further shows that about two weeks later appellant made a full disclosure to said Smith of the invention and gave him instructions as to its construction; that the first work that Smith did was to build a coating machine, which took about four months to complete; that about the 1st of April, 1923, Smith temporarily stopped work on the coating machine and built an experimental model of the machine here involved; that he finished the same during the said month of April and did nothing to it thereafter except to place some of the parts which were in the model in his finished machine. After finishing the coating machine, Smith worked on a rewinding machine, and thereafter he built a number of machines, having no relation to the matter here in controversy. He completed said last-named machines about January 1, 1924. It does not appear that either appellant or Smith did anything toward reducing the invention to practice between May 25, 1923, the date of appellees' application, and January 1, 1924. On said last-named date the machine which constituted appellant's reduction to practice was started and it was

completed in March following. That appellant was diligent from January 1, 1924, until the completion of the machine is established by the evidence.

The question therefore is: Does the evidence establish that there was reasonable diligence in reducing the invention to practice between May 25, 1923, and January 1, 1924, and that the Commissioner of Patents was manifestly wrong in finding lack of such diligence?

Appellant in his brief urges as a reason and excuse for his nonactivity between May 25, 1923, and January 1, 1924, that: "Smith after building the parts Beidler Exhibits Nos. 1 and 2 by March or April, 1923, was compelled to suspend work on the duplex machine to take up vitally urgent work on machines required in the Rectigraph plant for carrying on the regular business of the Rectigraph Company upon which its life depended. It was not until January, 1924, that this other urgent work was done and out of the way, and Smith was able to resume work in the completion of the machine Beidler Exhibit No. 3."

Assuming without deciding that the doing of urgent and necessary work upon other machines in the Rectigraph plant, "upon which its life depended," would excuse nonactivity on the machine here involved between May 25, 1923, and January 1, 1924, if Smith, the mechanic, was the only person who could build the machines required for the operation of the factory, or who could be trusted with the building of the machine here involved, we would observe that there is no evidence tending to show that other mechanics could not have been employed to build the machines necessary for the Rectigraph factory, or that no other mechanic could be found who could be trusted with knowledge of appellant's invention and build it. It appears from the evidence that Smith was a skilled mechanic who, prior to his employment by Beidler, had been employed as an expert mechanic by a check writer concern, by a pump factory, and by an elevator works in the same capacity. It does not appear that he had ever had any experience in building photographic machines of any character. It does not appear, therefore, that Smith had any qualifications for the building of the machines referred to that any expert mechanic in general machine construction would not possess.

In order to warrant a finding of diligence under the facts in this case, it should appear at least that appellant made efforts to secure other mechanics to do the necessary work required by the factory, leaving Smith free to carry out appellant's invention by the construction of a machine with reasonable promptness after May 25, 1923. There is no such evidence in the case.

Were this invention intricate and complicated, requiring extraordinary skill in building a machine to reduce it to practice, and requiring study and continued thought in planning the building of it, a different situation might exist. But it was not such a machine. Appellant in his brief states: "While the improvement is of great importance, the apparatus, especially as defined in the three counts of the interference, is exceedingly simple. It requires with a camera otherwise of old construction merely a rotatable holder for the double coated paper, so that a photograph being taken first on one side of the sheet, by turning the sheet through a half turn, the opposite side of the sheet may receive a photograph. In other words, instead of the nonrotatable paper holder of the old simplex machine, the paper holder is rotatable."

It is plain from this description that the work of constructing the machine to embody the ideas of the invention was of a character that could be performed by any skilled mechanic under the supervision of appellant, just as it was performed by Smith, but even had it been shown that one could not have been procured who could have been trusted not to disclose the invention to others until it had been reduced to practice, this would not excuse the delay of seven months between May 25, 1923, and January 1, 1924, when no work was done upon the machine, unless it was also shown that no mechanic could have been secured to perform the other work in the factory that Smith performed during that time. Of course, it was not necessary in order to constitute diligence that appellant or his mechanic should have been constantly at work upon the machine, but it was necessary that during that period some time should have been devoted to it, or a reason valid in law shown for not doing so. The fact that Smith alone could not have done the necessary work of the factory if he had devoted a part of the time between May 25, 1923, and January 1, 1924, to constructing the machine in question is not enough. There is no evidence that appellant had not ample means to employ other mechanics to work in the factory, or that they could not have been secured.

Appellant contends that the evidence in this case brings it within the rule laid down in Courson v. O'Connor et al. (C. C. A.) 227 F. 890, 894, and Roe v. Hanson, 19 App. D.

C. 559, and that under the decisions of those cases diligence has been shown by him in reducing this invention to practice.

In Courson v. O'Connor et al., there was involved the question of diligence upon the part of appellant in preparing and filing a patent application, his invention not having been actually reduced to practice. In its opinion the court said: "In considering the question of diligence, the circumstances surrounding the inventor must be taken into account. Courson was at the head of a large and important shop, in charge of nearly 3,000 men. His time was not his own. Unless he gave up his position, he could ordinarily devote only his own, not his employer's time to his inventions. He could go to Pittsburg, not when he desired, but when the work at the shop made it convenient."

Here the personal attention of the inventor was necessary, and it was shown that he could not have devoted time belonging to his employer to his invention without endangering his employment and consequent loss of means of livelihood. Nothing of this character is involved in the case at bar. Appellant's entire difficulty was in the employment of a mechanic to construct a machine embodying his invention. As has been said, there is no evidence that a mechanic could not have been employed either to do the necessary work upon the machine in question or to do the other work in the factory that was performed by Smith, leaving him free to work upon said machine. There is no evidence or claim that appellant was so employed that he could not have supervised the work of the mechanic, had one been employed, upon the machine during the period in question. Furthermore, it may be noted that in the case above cited the only period during which diligence was involved was from November, 1908, the date of conception of the invention by his opponent, to January 19, 1909, when the appellant executed his application, or a period of less than three months.

In Roe v. Hanson, supra, relied upon by appellant, his counsel in his brief states that the "court held Roe to be diligent though 'he was occupied at the time in the restoration of a mill for his company which had been destroyed in June of the previous year.'" An examination of the opinion in this case shows that the language quoted had nothing to do with the decision of the case. The statement was made as a reason why Roe had not made a commercial test of his invention, the Patent Office having held that the construction of the machine embodying the invention did not constitute a reduction to practice and that there was lack of diligence in testing the machine by commercial use after its construction. The court held that the construction of the machine under the facts proved did establish a reduction to practice and reversed the Patent Office for that reason. Therefore no question of diligence while Roe was building a mill for his company was involved.

It is well settled that there is no general rule of what constitutes diligence applicable to all cases. Due diligence is reasonable diligence, and that is to be determined by the particular facts of each case. Croskey v. Atterbury, 9 App. D. C. 208.

In the case at bar the evidence shows that the delay of appellant in reducing the invention to practice was caused by mere business considerations; therefore it cannot be held that such delay does not constitute evidence of lack of diligence. Paul v. Hess, 24 App. D. C. 462; Wickers v. McKee, 29 App. D. C. 4.

We are entirely clear that the evidence does not disclose any valid reason for appellant's nonactivity in reducing the invention to practice from May 25, 1923, to January 1, 1924, and that the Commissioner and the other tribunals of the Patent Office were abundantly justified in finding that there was a lack of due diligence upon the part of appellant in reducing his invention to practice.

The decision of the Commissioner is affirmed.

Affirmed.