## COPEMAN LABORATORIES CO. v. GENERAL PLASTICS CORPORATION et al.

### No. 8674.

Circuit Court of Appeals, Seventh Circuit.

June 15, 1945.

Casper William Ooms and Edwin S. Booth, both of Chicago, Ill., for appellant.

George W. Hansen and Willard L. Pollard, both of Chicago, Ill., for appellees.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from a judgment dismissing plaintiff's complaint which sought an injunction restraining defendants from alleged infringement of United States Reissue Letters Patents Nos. 17,278 and 17,279. The reason assigned by the lower court for the dismissal was that the patents "are either anticipated by the prior art or fail to disclose patentable invention over" the same. The only question presented by this appeal is the validity of the patents.

The patents in suit are entitled "Sharp Freezing Container for Mechanical Refrigeration" and were issued to plaintiff as assignee of Lloyd G. Copeman. The patents pertain to ice cube trays used in the ordinary household refrigerator. The novelty claimed by plaintiff as the basis for invention is an ice cube tray formed of non-metallic, easily distortable, self-supporting material so that the filled tray can be distorted readily and easily in order that ice cubes therein can be released quickly and efficiently. The patents involved herein are offsprings of Patent No. 1,675,599, issued to Copeman. This patent was subjected to an interference proceeding by one Hathorne and its broad claims rejected due to an adverse ruling in the interference proceeding. In order to distinguish and limit Copeman's claims from those of Hathorne, the reissue patents herein were applied for and granted.

The patentee, Copeman, testified that in the spring of 1928 while gathering maple sap on his farm he became aware of the fact that the ice gathered on his boots was readily removed by distorting the boots. At this time Copeman had several years' experience in the problems of domestic refrigeration and was familiar with the difficulty of removing ice cubes from the tray in which they were frozen. From this observation of the ice being freed from his boots, he immediately grasped the solution of the problem for removing ice cubes from the tray. This simple fact of easily removing ice from rubber by distortion he quickly transferred to the art of domestic refrigeration. This idea blossomed into the patents now in litigation. With utmost dispatch, the patentee filed his application and the patent issued in a very short time.

The only difference in the two patents in suit is that No. 17,279 defines a means of reinforcement for the container described in No. 17,278. There are several claims relied upon, but claim 3 of No. 17,278 is typical and we quote that one:

"As a new article of manufacture, a sharp freezing container of the type adapted to be positioned in heat exchange relation with the cooling unit of a mechanical refrigerating system, said container being relatively small so as to be readily handled and manipulated by the fingers and thumb and formed of non-metallic, easily distortable, self-supporting material to which ice does not readily adhere, whereby to permit easy removal of the frozen article or articles by distortion of all or part of said container by hand."

Defendant relies upon the prior art as being anticipatory and also showing want of invention. The four prior patents chiefly relied upon are Euchenhofer No. 459,700, Coleman No. 534,633, Burger No. 1,207,852, and Hathorne No. 1,932,731. All of these, except Hathorne, deal with the art of molding chocolate confections. Plaintiff asserts that this art is non-analogous and does not negative invention.

The lower court treated it as analogous, and we are of the view that the issue raised on this appeal depends in the main on the court's finding in this respect. The sole testimony on the subject was that of an expert witness who expressed the opinion that it was non-analogous. The question must be determined from an examination of the prior art itself. Under such circumstances, we think we are free to reach a conclusion as to its applicability.

In making such determination, it is pertinent to note a statement of this court in A. J. Deer Co. v. U. S. Slicing Machine Co., 7 Cir., 21 F.2d 812, 813:

"We are of opinion that whether arts or uses are analogous depends upon the similarity of their elements and purposes. If the elements and purposes in one art are related and similar to those in another art, and because and by reason of that relation and similarity make an appeal to the mind of a person having mechanical skill and knowledge of the purposes of the other art, then we are of opinion that such arts must be said to be analogous, and, if the

converse is true, they are nonanalogous arts."

See also Radiator Specialty Co. v. Buhot, 3 Cir., 39 F.2d 373.

■ It is difficult to perceive how the making of chocolate drops is an art related to that of freezing ice cubes. The envisionment and uses of the two are entirely dissimilar. One has to do with contraction of chocolate and the other with expansion of ice. The patents themselves show not only that a different problem was involved, but the objective sought to be accomplished was also different. Those patents pertaining to the chocolate drops were, with the exception of Burger, trying to find a better means of cooling the chocolate in the matrices of the construction. One of defendant's witnesses admitted that the rubber used in the matrices was readily wettable by the chocolate; in the ice cube art the problem was to find something nonwettable by water. We are of the opinion that a person skilled in the art of making ice cube trays would not be expected to be conversant or familiar with the art pertaining to chocolate drops. An examination of the patents leads us to the conclusion that these patents concerning chocolate molding devices are nonanalogous art and therefore not a pertinent reference. See Alemite Mfg. Corp. v. Rogers Products Co., Inc., 3 Cir., 42 F. 2d 648, 651.

■ The patent to Hathorne was before the Patent Examiner in connection with the allowance of the patents in suit. A strong presumption of validity therefore attaches as against this reference. True, Hathorne describes and claims a device for the making of ice cubes. Undoubtedly, he recognized the problem as did Copeman but solved or attempted to solve it in a different manner. He does not disclose a tray made of rubber or similar material but appears to have had in mind the old metal tray coated with a substance which would prevent adhesion of the frozen ice to the tray. For such purpose, he describes in detail a composition of which tung oil is an essential element. This solution of the problem is in marked contrast to the tray of non-metallic, easily distortable and self-supporting material called for in the patents in suit. We are of the view that Copeman was not anticipated by Hathorne.

■ The simplicity of Copeman's disclosure is such as to cause hesitation before holding that it rises to the dignity of invention. It may be, as argued, that a skilled artisan could have accomplished all that was disclosed by Copeman. The fact is, however, that the field was crowded with artisans attempting to solve the problem. They evidently failed where Copeman succeeded. His disclosure met with commercial success which is more than ordinarily impressive in a market which was well supplied with ice cube trays and where the competition was keen. Under such circumstances, the simplicity of his disclosure does not militate against invention. If anything, it strengthens his claim in this respect.

■ We think a close question as to validity of the patents in suit is presented. Recognition of the presumption which attaches to the grant, the fact that the most pertinent prior art was cited to the Examiner and the commercial success which followed the disclosure, lead us to the conclusion that the patents are valid and we so hold. We make no decision on the matter of infringement inasmuch as that question was not decided by the court below.

The judgment of the District Court is reversed and the cause remanded for further proceedings consistent with the views herein expressed.