35 C.C.P.A.(Patents)

### CARTER v. KELLGREN et al.
### Patent Appeals No. 5397.

Court of Customs and Patent Appeals.
March 2, 1948.

Almon S. Nelson, of Washington, D. C. (Anthony William Deller, of New York City, of counsel), for appellant.

Robert I. Coulter and Harold J. Kinney, both of St. Paul, Minn. (Carpenter, Abbott, Coulter & Kinney, of St. Paul, Minn., of counsel), for appellees.

Before GARRETT, Presiding Judge, and HATFIELD, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in an interference proceeding from the decision of the Board of Interference Examiners of the United States Patent Office awarding priority of the invention defined by the two counts in issue to appellees Waldo Kellgren, Hubert J. Tierney, and Richard Gurley Drew, as joint applicants.

The two counts of the interference are as follows:

"Count 1. As a new article of manufacture, a laminated pressure-sensitive adhesive tape substantially transparent to reflected light when mounted upon a surface, which comprises a pliable, non-fibrous, transparent backing; and an integral, multi-layer adhesive coat attached thereto, said coat comprising a first layer of a substantially transparent, pressure-sensitive, adhesive composition; a thin, unsized, unfilled, porous paper overlying said first layer; and a second layer of a substantially transparent, pressure-sensitive, adhesive composition overlying said paper; said adhesive compositions impregnating said paper from both sides and holding said paper in suspension therein as a strengthening bond to form therewith an integral, multi-layer adhesive coat, thereby providing a laminated adhesive tape having an unusually firm bond between the backing and the adhesive coat and being transparent to reflected light when mounted upon a surface.

"Count 2. As a new article of manufacture, a laminated pressure-sensitive adhesive tape which comprises a pliable, non-fibrous, film backing; and an integral, multi-layer adhesive coat attached thereto, said coat comprising a first layer of a pressure-sensitive adhesive composition; a thin porous paper overlying said first layer; and a second layer of a pressure-sensitive adhesive composition overlying said paper; said adhesive compositions impregnating said paper from both sides and holding said paper in suspension therein as a strengthening bond to form therewith an integral, multi-layer adhesive coat, thereby providing a laminated adhesive tape having an unusually firm bond between the backing and the adhesive coat."

The application of appellant, Edward J. Carter, was filed on January 20, 1938, and that of appellees, Kellgren et al., on April 4, 1938.

Appellees are the junior parties and the burden was upon them to establish priority of invention of the subject matter defined by the appealed counts by a preponderance of the evidence.

The invention in issue is an adhesive tape consisting of four layers. The first of the layers is a pliable, non-fibrous backing, to which the second layer, consisting of pressure-sensitive adhesive material is secured. The third layer, which is of "thin porous paper," is secured, on one side to the adhesive material, and the fourth layer, which is of pressure-sensitive adhesive material, is secured to the opposite side of the porous paper. The thin porous paper layer thus lies between two layers of pressure-sensitive adhesive material and the latter material impregnates the paper from both sides and holds it "in suspension." The feature of impregnation of the paper from both sides is included in each of the interference counts.

The Board of Interference Examiners held that appellees had established conception and reduction to practice as to the subject matter of count 2 at least as early as January 1937, and conception and reduction to practice of the subject matter of count 1 at least as early as June 1937. The board further held that appellant failed to establish either conception or reduction to

practice of the subject matter of either count prior to January 20, 1938, the filing date of his application which is involved in the present interference. The board, therefore, awarded priority to appellees.

The evidence offered on behalf of appellant establishes that during the summer and fall of 1936, appellant was experimenting with a tape comprising four layers, of which the first was a pliable backing, the second a layer of pressure-sensitive adhesive, the third paper, and the fourth pressure-sensitive adhesive. On August 24, 1936, appellant filed application No. 97,513, which discloses a tape of the kind just described and which, according to the record, became abandoned on May 15, 1937, through failure to respond to the first Patent Office action which was made on November 14, 1936. It is urged by appellant that that application discloses the subject matter in issue in this interference.

Each of the counts of the interference contains the statement "said adhesive compositions impregnating said paper from both sides and holding said paper in suspension therein * * *." The quoted language, if given a normal interpretation, means that the adhesive penetrates entirely through the paper, since a paper layer which completely separated two layers of adhesive would not ordinarily be considered as suspended *in* the adhesive. Moreover, since the counts originated in appellant's involved application, the language of the counts, if ambiguous, must be construed in the light of that application. The specification of appellant's involved application states that "the paper 3 will be *thoroughly impregnated* by the adhesive composition of layers 2 and 4, a portion of each adhesive lamination or coating penetrating half of the paper to meet a portion of the adhesive material of the other adhesive lamination or coating in the center of the paper." (Italics ours.) It is further stated in appellant's specification that the paper "is impregnated from both sides with an adhesive composition, *so that the impregnation extends through the paper.*" (Italics ours.) It will be observed that each of the counts specifies that the paper to which the adhesive is applied is porous, so that there would necessarily be some

penetration of the paper by the adhesive. Accordingly, if such penetration satisfied the requirements of the counts, as urged by counsel for appellant, the limitation in the counts as to impregnation would be superfluous. It is clear, we think, that the counts require a greater degree of penetration than that which necessarily follows an application of an adhesive to a porous paper, and that the degree of penetration called for is that in which the paper is saturated, so that the adhesive extends entirely through it.

█ It was held by the Board of Interference Examiners that appellant's abandoned application does not disclose the invention here in issue. Owing to the fact that that application does not state that the paper layer which lies between the two adhesive layers is thin or porous, or that the adhesive impregnates it from both sides and holds it in suspension, as required by the involved counts, we are of opinion that that application does not disclose the subject matter defined by the counts in issue. Although there are many similarities between appellant's abandoned application and his application involved in this interference, the specific disclosure of thinness, porosity and complete impregnation, which is found in the latter application, is not present in the former. The fact that the disclosure of the earlier case is not necessarily inconsistent with the idea that the paper is thin, porous, or impregnated from both sides, is not controlling. "The disclosure should be clearer than to suggest that one skilled in the art *might* construct the device in a particular manner." Brand v. Thomas, 96 F.2d 301, 303, 25 C.C.P.A., Patents, 1053.

The Board of Interference Examiners thoroughly analyzed the voluminous record submitted on behalf of appellant and came to the conclusion that the evidence failed to establish either conception or reduction to practice by appellant of the subject matter defined by either of the counts prior to the filing date of appellant's involved application—January 20, 1938. The testimony of appellant's witnesses relates to work done in connection with tape of the type disclosed in appellant's abandoned application and fails to establish that the tape de-

scribed by them conformed to the requirements of the counts here in issue.

Specifically, the evidence presented on behalf of appellant does not satisfactorily establish that any tape made or conceived by him prior to January 1938 *included a thin porous paper which was impregnated from both sides with adhesive so as to be held in suspension therein.* Several witnesses, in response to leading questions involving a reading of one of the counts, stated that the tape shown to them by appellant corresponded to the counts in issue. Those witnesses, however, did not state that they examined the paper layer previously disclosed to them, and that it was thoroughly saturated. Furthermore, they did not explain what they understood by the language used in the counts and, accordingly, their testimony is insufficient to establish an impregnation of the paper, as called for by the counts in issue. It is true, as argued by counsel for appellant, that appellant's witness, Hal Stephens, apparently referring to the tape disclosed to him about the time of the filing of appellant's first application, August 24, 1936, stated that "There was something about this impregnation of the paper, of this thing, that made it stick to the back." The witness did not state, however, that he examined the paper shown to him by appellant and that it was saturated with adhesive.

Appellant has presented a large number of exhibits, and a very large amount of testimony, in an effort to establish that he had conceived the invention here in issue and reduced it to practice prior to January 20, 1938, when his application here involved was filed. We do not consider it necessary to discuss this voluminous record in detail. We have, however, carefully considered all of it, and we are unable to find that it establishes either conception or reduction to practice prior to January 20, 1938. We must, therefore, affirm the holding of the Board of Interference Examiners to the effect that appellant is limited to the filing date of his application, involved in the interference, for conception and reduction to practice.

Some of the experiments made by appellant in 1936, as described by him and some of his witnesses, involved the use of toilet paper coated on both sides with adhesive and applied to a non-fibrous film backing. It appears, however, that this toilet paper was used merely because it was readily available and not because it was thought to possess any especially desirable properties. There are, of course, many different kinds of toilet paper and the extent to which any one of them would be penetrated by a pressure-sensitive adhesive material could not be ascertained without actual testing. Accordingly, the broad statement that toilet paper was used does not establish that there was a complete saturation of the paper by the adhesive. No testimony based on actual inspection of the paper to see how much penetration had been effected was presented and, in the absence of such testimony, the conclusion that the paper was completely saturated would be unwarranted.

It is urged by counsel for appellant that appellees have not established a joint conception of the invention in issue. The evidence clearly shows that appellees Kellgren, Tierney, and Drew were working together on tape development and that they had frequent conferences. Each of them executed an oath as a joint inventor as a part of their application, and the witness Tierney, one of the joint appellees, expressly stated in his testimony that the application represented a joint development by Drew, Kellgren, and himself. This constitutes prima facie evidence as to joint inventorship, which can be overcome only by clear and unequivocal evidence to the contrary. Hamer v. White et al., 143 F. 2d 987, 31 C.C.P.A., Patents, 1186. There is no evidence of record which would justify a holding that appellees are not joint inventors of the subject matter in issue.

Appellees produced as their Exhibit A-11 a report dated January 21, 1937, relating to an experiment made by Tierney, one of the appellees. The report states that Troya tissue paper, a thin tissue paper, was coated on both sides with adhesive and then laid on cellophane and that the tape thus produced appeared to satisfy the requirements which it was designed to meet. The report was identified by Berniece Breen, the custodian of the records of the

Minnesota Mining and Manufacturing Company, the assignee of appellees' application, as having been taken from her files. The report was also identified by the witness David M. Meline, a notary public, who witnessed it on January 21, 1937. The witness Tierney testified to the making of the multi-layer tape described in Exhibit A-11 on January 20, 1937, and stated that the tape was examined and tested as a sealing means on tobacco cans, and that it was satisfactory. His testimony is corroborated by the witness Roy P. Rivard, a laboratory technician employed by the Minnesota Mining and Manufacturing Company, who described tests which he made on some of that tape on January 23, 1937. The tests included unwinding the tape to detect any "delamination," testing the adhesive with the thumb to determine its pressure sensitivity, tearing the tape and examining the fibers to see if they were saturated by the adhesive, and applying the tape to a metal plate and removing it while measuring the removing force to determine the adhesion value of the tape. The witness also testified that the tape met those tests satisfactorily; that the fibers were thoroughly saturated with adhesive; and that the adhesive was pressure-sensitive.

Allan H. Redpath, the head of the cellulose tape sales department of the Minnesota Mining and Manufacturing Company, also testified as to the tape described in appellees' Exhibit A-11. He stated that the adhesive used in coating the Troya tissue paper was pressure-sensitive and that it penetrated through the paper. John A. Borden, general sales manager for the "Scotch" tape division of the company, testified that he received samples of the Exhibit A-11 tape; that he tested the tape by removing it from at least one of the rolls, examining the tackiness of the adhesive, pulling on it to determine tensile strength, and placing it on the desk and pulling it up to determine its adhesiveness; and that the tests showed the tape to be satisfactory. Clarence J. Ebel, a research worker for the Minnesota Mining and Manufacturing Company, testified that in January 1937 he tested a tape comprising a tissue sheet impregnated and double coated with pressure-sensitive adhesive and laminated to a cellophane film backing. The tests included the application of the tape to the sealing of tobacco cans and demonstrated that it could be satisfactorily used for that purpose.

We are of opinion that the evidence hereinbefore considered is sufficient to establish conception and reduction to practice by appellees of the subject matter of count 2 as early as January 1937, the date accorded the junior parties by the Board of Interference Examiners, for conception and reduction to practice of the subject matter defined by that count. The tape used in the January 1937 experiments did not satisfy the requirements of count 1, since it was not transparent.

Appellees' Exhibit A-23 is a report made by the witness Tierney. That report is similar to Exhibit A-11 hereinbefore discussed except that the tape disclosed in that exhibit is transparent, whereas the tape in Exhibit A-11 is not. Exhibit A-23 was identified in the same manner and by the same witnesses as was Exhibit A-11. The witness Redpath stated that he saw samples of the transparent tape in May 1937; that the tissue paper disclosed in that exhibit was saturated with pressure-sensitive adhesive; and that he examined the tape and found it satisfactory. The witness Ebel described the testing of the transparent tape disclosed in Exhibit A-23; that he determined its adhesion value by unwinding it to see whether the adhesive would transfer to the back of the tape, and whether delamination would occur by tearing it to determine its tear strength. He stated that he found the tape to be satisfactory, and that the tissue paper was saturated with an excess of a pressure-sensitive adhesive which was laminated to the cellophane.

We are of opinion that the evidence introduced by appellees is clearly sufficient to establish that appellees conceived and reduced to practice the subject matter of count 1 as early as June 1937, as held by the Board of Interference Examiners. The transparent tape tested in May 1937 was similar, except that the adhesive was transparent, to the opaque tape tested in Jan-

uary 1937, and, therefore, did not require such a thorough testing as the opaque tape.

Owing to the fact that appellees have established conception and reduction to practice prior to any date which can be accorded appellant for either conception or reduction to practice of the invention defined by the appealed counts, the award of priority of invention to appellees by the Board of Interference Examiners was proper. Accordingly, for the reasons stated, the decision of the Board of Interference Examiners is affirmed.

Affirmed.

By reason of illness, O'CONNELL, Judge, was not present at the argument of this case and did not participate in the decision.