Axel Harald HOLSTENSSON and Glenville Industries, Inc., Plaintiffs,

v.

WEBCOR, Inc., formerly known as Webster-Chicago Corporation, Defendant.

Civ. A. No. 54 C 1660.

United States District Court
N. D. Illinois, E. D.
Feb. 14, 1957.

ing that a husband cannot recover for loss of his wife's services if she cannot recover for her injuries.

Donald J. Simpson and Lewis T. Steadman, Hill, Sherman, Meroni, Gross & Simpson, Chicago, Ill., for plaintiffs.

Watson D. Harbaugh, Chicago, Ill., for defendant.

PERRY, District Judge.

This action came before the Court on the Complaint of the plaintiffs against defendant for infringement by defendant of United States Letters Patent No. 2,291,158 issued to Axel Harald Holstensson on July 28, 1942.

Upon trial of said cause in open court, September 25, 1956 through October 8, 1956, and upon full consideration of the evidence, pleadings, stipulations, depositions, exhibits, and of the motions made in this cause, the Court finds as follows:

## Findings of Fact.

1. This action was filed on or about November 8, 1954, for infringement of the United States Letters Patent No. 2,291,158, which was duly and legally is-

sued to Axel Harald Holstensson, Plaintiff, on July 28, 1942 (P.X.2).

2. Plaintiff, Axel Harald Holstensson, was the owner of said United States Patent No. 2,291,158 by virtue of his joint ownership thereof and assignment (P.X. 3) from Svente Philip Arvidius under date of September 6, 1938 recorded in the United States Patent Office at Liber L176, Page 497.

3. The plaintiff, Glenville Industries, Inc., became owners of the entire right, title and interest, in and to United States Patent No. 2,291,158 subsequent to the initiation of the present litigation by virtue of an assignment (P.X.4) dated March 27, 1956, from Axel Harald Holstensson and recorded in the United States Patent Office at Reel 193, frame 232. Plaintiff, Glenville Industries, Inc., was added as plaintiff to the present litigation on September 6, 1956 on stipulation order of this Court bearing that date.

4. The defendant, Webcor, Inc., formerly known as Webster-Chicago Corporation, is a corporation organized under the laws of the State of Illinois and has a principal place of business in Chicago, Illinois.

5. The defendant, Webcor, Inc., has manufactured, sold, and/or used automatic record changers identified by defendant as Models Nos. 1121, 141, 100, 101, 110, 114, 116, 121, 102, 104, 105, 122, 123, 124, 125, 150, 333, 1024, 1122, 1123, 1124, 1133, 1137, 1138, 1139, T-1124-1, 1150, 140 and 142 in the United States within this District during the period beginning six years prior to the filing of the Complaint in the present suit. (P.X.1)

6. The defendant, Webcor, Inc., has manufactured, sold and/or used automatic record changers identified by defendant as Models Nos. 151, 152, and 1641 in the United States within this district subsequent to the filing of the Complaint in the present suit. (P.X.1)

7. All of the automatic record changers above identified in Paragraphs 5 and 6 are exemplified (insofar as their mechanism for the automatic changing of records is concerned) by either defendant's Model No. 1121 or defendant's Model No. 141 and each fully responds to and includes the combination of elements set forth in Claim 1 of United States Letters Patent No. 2,291,158 here in suit and each is an infringement thereon.

8. Defendant has cited a large number of prior art patents (Defendant's Exhibit B) illustrating record changers known prior to the filing date of United States Patent No. 2,291,158. None of these prior disclosures in any way anticipates the invention recited in Claim 1 in suit nor would any of these disclosures properly have suggested the improved record changer of Claim 1 to a person skilled in the record changer art at the time of the invention thereof by Holstensson and Arvidius.

9. None of the references cited by defendant are more pertinent to the validity of Claim 1 of United States Patent No. 2,291,158 than the references considered by the United States Patent Office experts and over which those experts considered Claim 1 clearly patentable as evidenced by the issuance thereof.

10. The British Patent to Collaro No. 460,501 and the British Patent to Compare, No. 454,106, both illustrate bulky and complex record changer structures employing an overhead bridge structure from which a record supporting post hangs down. The records are not supported by a center post extending up through the turntable as required by the claim in suit and are difficult to thread, unthread and operate in the Collaro and Compare structures as is clear from the evidence heard and the demonstrations made in open court.

11. The invention of Claim 1 of United States Patent No. 2,291,158 would not have been obvious to one skilled in the art of record changers from the Collaro and/or Compare patents.

12. British Patent to Compare No. 454,106 is the same invention as that described in the corresponding Compare United States Patent No. 2,090,746 con-

sidered by the United States Patent Office experts and was duly and properly rejected by them as not being anticipatory. Neither the United States nor the British Compare patents show or suggest the invention of Claim 1 in suit.

13. Collaro British Patent No. 460,-501 is, insofar as it can possibly relate to the issue here involved, the same as Compare and differs therefrom mainly in a hinge for the overhead bridge or trellis structure. As a possible reference against Claim 1 in suit, it is no better than United States Compare Patent No. 2,090,746, and it does not teach or suggest the combination defined by Claim 1 here in suit.

14. Prior devices such as the "side pusher" changers of Boumphrey No. 1,-469,152 and Slater No. 2,063,199, were fully considered by the Patent Office experts and were properly rejected by them as unanticipatory of any claim in United States Patent No. 2,291,158. They require apparatus at the record periphery for dropping records one at a time, and they fail to show or suggest record dropping by a lever in the center post. These "side pusher" changers were properly discarded by the Patent Office experts as unanticipatory of Claim 1 in suit. The invention of Claim 1 would not have been obvious to one skilled in the art from the "side pusher" prior art such as the Boumphrey and/or Slater patents.

15. The "side pusher" structures such as Boumphrey No. 1,469,152 are not properly combinable with the Collaro or Compare "bridge" or "trellis" type changers to anticipate the claim in suit. No suggestion appears anywhere in the prior art for such a combination. Such a combination was not suggested by the Patent Office experts who had both structures before them. The references to Compare, Collaro, Boumphrey and Slater did not render the invention of Claim 1 in suit obvious to one skilled in the record changer art.

16. None of the remaining prior art patents cited by defendant and relied upon by it anticipate the invention of Claim 1 in suit or in any way rendered such invention obvious to one skilled in the record changer art at the time of invention thereof by Axel Harald Holstensson and Svente Philip Arvidius.

17. No prior art patent or other reference shows or suggests to one skilled in the record changer art a record changer employing mechanism in which the records are reliably stacked on an offset shoulder of the centerpost spindle which rises upwardly through the turntable, wherein a rocking finger is positioned within and operated through such spindle from below and engages the center hole of the lowermost record and shifts it laterally to drop it onto the turntable, wherein steadying means are provided acting against the top of the records as they rest on the spindle shoulder and which may be shifted to an inoperative position to facilitate insertion and removal of records onto the spindle from above in combination with means controlling the record changer tone arm in coordination with the rocking finger.

18. No prior art patent or other reference shows or suggests a record changer for playing a plurality of records in succession and having a centerpost spindle which rises upwardly through the turntable, which spindle has an offset shoulder for supporting records above the turntable and a rocking finger positioned therein for engaging the center hole of the lowermost record to shift it laterally off the shoulder onto the turntable below.

19. Application, Serial No. 231,416, which matured into United States Letters Patent No. 2,291,158 here in suit, was duly filed in the United States Patent Office on September 23, 1938 by joint inventors, Axel Harald Holstensson and Svente Philip Arvidius. In accordance with the requirement of United States law, the joint inventors properly stated under oath that their invention set forth in the application was previously filed in Sweden in the form of applications filed September 23, 1937 and November 26, 1937. This application was reviewed by the experts of the United States Patent Office and was duly and legally issued by

the Patent Office in the form of the patent in suit.

20. Claim 1 of the patent in suit is essentially the same combination of elements as Claim 11 of the United States application, Serial No. 231,416, as originally filed.

21. Claim 1 of the patent No. 2,291,158, here in suit is fully supported by its corresponding disclosure in the Swedish application filed September 23, 1937.

22. There was no dedication to the public of the invention covered by Claim 1 of the patent in suit.

23. Holstensson and Arvidius were, and considered themselves to be, the first and original joint inventors of the subject matter defined by Claim 1 of the patent in suit. They made oath to this fact and to the fact that they had not filed an application directed to this same invention in any country foreign to the United States more than one year prior to their filing in the United States.

24. The invention defined by Claim 1 of the patent in suit is fully supported by, and disclosed in, applicants' prior Swedish application which became Swedish Patent No. 97,122 and the United States application was filed within the one year statutory period.

25. The two prior Swedish applications filed respectively on September 23, 1937 and November 26, 1937 which are referred to by Holstensson and Arvidius in their U. S. oath (P.X.8) are Swedish application Serial No. 4504/1937 and Swedish application Serial No. 5761/1937 which later issued as Swedish Patents Nos. 97,122 and 97,123.

26. There is no limitation expressed or implied in Claim 1 of Patent No. 2,291,158 requiring the combination to include any means for records being changed or for applying a shock-like blow to the record being dropped on the turntable.

27. Claim 1 of Patent No. 2,291,158 clearly and definitely recited a true combination of elements cooperating together in a new *modus operandi* to provide a novel and greatly improved apparatus for changing a plurality of records which may be of a predetermined single size. The claimed combination provides a substantially more reliable record changer having a simpler mechanism and manner of operation than the record changers of the prior art and amounts to invention.

28. The structure illustrated in the application, Serial No. 231,416, maturing into Patent No. 2,291,158 described in the written specification and claims thereof is fully operative and, on the basis of approval by the experts of the Patent Office, the testimony of plaintiffs' expert at trial and all the evidence, the written description fully described the invention of Claim 1 and the manner and process of making and using it in sufficiently full, clear, concise and exact terms as to enable any person skilled in the art to construct and use an operative record changer capable of applying a plurality of records in succession.

29. The invention defined by Claim 1 in suit was not patented or described in any patent or printed publication in this country or any foreign country before the filing date of the United States Patent No. 2,291,158.

30. It would not have been obvious to one skilled in the record changer art based on a knowledge of the prior patents and printed publications introduced in evidence by the defendant to make the invention as defined by Claim 1.

31. Defendant produced no evidence showing a public use or sale of the invention defined by Claim 1 in suit prior to the filing date of the patent in suit.

32. Claim 1 in suit is directed to and defines a patentable combination of elements.

33. Claim 1 in suit is a clear, concise and definite definition of the invention made jointly by Holstensson and Arvidius.

34. No acts, express or implied, were taken by the joint inventors of Patent No. 2,291,158 during the prosecution of their application before the United States Patent Office which restrict the normal meaning of the language of Claim 1 in suit.

35. Plaintiffs acted with reasonable promptness in bringing the existent litigation and are not guilty of laches.

36. Defendant knew about plaintiffs' patent in 1947 and after efforts to build and commercialize a noninfringing changer (Model 77) which met with failure, defendant wilfully turned to building and selling record changers knowingly embodying plaintiffs' patented invention.

37. The equities are with the plaintiffs.

38. Three licenses have been taken under the patent in suit by manufacturers for sale in the United States; namely, Radio Corporation of America, Perpetuum-Ebner and Dual Gebrueder Steidinger.

39. Plaintiffs' Exhibit 26 is a full and fair exemplification of the structure disclosed in Patent No. 2,291,158.

40. The plaintiffs have neither manufactured nor sold automatic record changers embodying the invention in suit in the United States.

Conclusions of Law.

1. The Court has jurisdiction of the parties and the subject matter and has venue of this action.

2. At the time of the filing of the Complaint in this cause, Axel Harald Holstensson was and had been the owner of United States Letters Patent No. 2,-291,158 since its issuance on July 28, 1942.

3. Axel Harald Holstensson, since the filing of the Complaint in this cause, continued to be the owner of United States Letters Patent No. 2,291,158 until March 27, 1956, at which time he assigned and conveyed his entire right, title and interest in and to said United States Letters Patent No. 2,291,158 to Glenville Industries, Inc., a corporation of the State of New York.

4. The equities in this suit are found to be with the plaintiffs, and plaintiffs should prevail over the defendant.

5. Axel Harald Holstensson and Glenville Industries, Inc. are proper parties plaintiff in this cause.

6. Claim 1 of United States Letters Patent No. 2,291,158 is good and valid in law and has been and is being infringed by the defendant.

7. A patent is presumed to be valid upon issuance by the United States Patent Office and such presumption of validity can only be overcome by strong and convincing proof, and such burden is on the defendant. Title 35 U.S.C. § 282, Mumm v. Jacob E. Decker & Sons, 1937, 301 U.S. 168, 57 S.Ct. 675, 81 L.Ed. 983.

8. The presumption of validity is entitled to greater weight when the principal art relied upon by the defendant has been considered and rejected by the Patent Office. Hunt v. Armour & Co., 7 Cir., 185 F.2d 722, 726; Lewyt Corp. v. Health-Mor, Inc., 7 Cir., 181 F.2d 855, 857.

9. Patentable invention is present unless the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art. 35 U.S.C. § 103.

10. A patent is not limited to the embodiment of the invention described in the specification since the claims of the patent measure the invention. Smith v. Snow, 294 U.S. 1, 16, 55 S.Ct. 279, 79 L.Ed. 721; Gray Telephone Pay Station Co. v. Baird Mfg. Co., 7 Cir., 174 F. 417, 422–423.

11. Claims omitting a limitation which appears in other claims of the patent cannot be construed to contain such limitation in order to make them coextensive with such other claims. Smith v. Snow, 294 U.S. 1, 55 S.Ct. 279, 79 L.Ed. 721; Hunt v. Armour & Co., D.C., 90 F. Supp. 767, affirmed 7 Cir., 185 F.2d 722.

12. Patents are to be liberally construed so as to uphold and not destroy the inventor's rights. Eibel Process Co. v. Minnesota & Ontario Paper Co., 261 U.S. 45, 63, 43 S.Ct. 322, 67 L.Ed. 523; Keystone Mfg. Co. v. Adams, 151 U.S. 139, 144–145, 14 S.Ct. 295, 38 L.Ed. 103.

13. Prior paper patents have little, if any, weight on the question of

the patentable invention as distinguished from anticipation. Campbell v. Mueller, 6 Cir., 159 F.2d 803, 809; Wahl Clipper Corp. v. Andis Clipper Co., 7 Cir., 66 F.2d 162, 165.

14. Claims are not invalid for aggregation where elements coact to produce a new result exceeding the sum of the functions of the elements alone, no matter whether the elements act simultaneously or successively. Blaw-Knox Co. v. I. D. Lain, 7 Cir., 230 F.2d 373; Grinnell Washing Machine Co. v. E. E. Johnson Co., 247 U.S. 426, 432, 38 S.Ct. 547, 62 L.Ed. 1196.

15. The commercial success of the patent in suit adds strength to its validity, however, the validity of Claim 1 is clear and the Court has not found it necessary to rely upon such commercial success in finding validity.

16. A patent is presumed sufficiently clear to satisfactorily advise the art as to structural details when the Patent Examiner of the United States Patent Office has approved it by issuing the patent. Western States Machinery Co. v. S.S. Hepworth Co., 2 Cir., 147 F.2d 345, 350.

17. The improver of a patented device does not, merely by the making of an improvement, avoid infringement, Chicago Patent Corporation v. Genco, 7 Cir., 124 F.2d 725; Highway Appliances Co. v. American Concrete Expansion Joint Co., 7 Cir., 93 F.2d 113, certiorari denied 303 U.S. 653, 58 S.Ct. 751, 82 L.Ed. 1113.

18. Failures by those working in the prior art is good evidence that the patentee's contribution was inventive. Pyle National Co. v. Lewin, 7 Cir., 92 F.2d 628.

19. A patented combination cannot be anticipated piecemeal by finding individual features separately in the prior art. Imhaeuser v. Buerk, 101 U.S. 647, 660, 25 L.Ed. 945; Bates v. Coe, 98 U.S. 31, 48, 25 L.Ed. 68.

20. A new combination of old elements whereby an old result is obtained in a more facile, economical and efficient way, or whereby a new and useful result is secured may be protected by a patent as securely as a new machine or composition of matter. Diamond Rubber Co. of New York v. Consolidated Rubber Tire Co., 220 U.S. 428, 443, 31 S.Ct. 444, 55 L.Ed. 527; Loom Co. v. Higgins, 105 U.S. 580, 591, 26 L.Ed. 1177.

21. The law does not favor attacks on joint inventorship. Carter v. Kellgren, 166 F.2d 592, 595, 35 C.C.P.A., Patents, 989; Beidler v. Caps, 36 F.2d 122, 123, 17 C.C.P.A., Patents, 703; Cheshire v. Cox Multi-Mailer Co., 7 Cir., 229 F.415, 419.

22. "Hindsight" is not a proper basis for determining patentability. While a particular solution to a problem may seem simple in retrospect, after its disclosure, foresight applied as of the date of the invention is the only proper test of invention. Diamond Rubber Co. of New York v. Consolidated Rubber Tire Co., 220 U.S. 428, 31 S.Ct. 444, 55 L.Ed. 527; Goodyear Tire & Rubber Co. v. Ray-O-Vac Co., 321 U.S. 275, 64 S.Ct. 593, 88 L.Ed. 721.

23. Commercial recognition is further evidence of the presence of invention. Copeman Laboratories Co. v. General Plastics Corp., 7 Cir., 149 F.2d 962; Ray-O-Vac Co. v. Goodyear Tire & Rubber Co., 7 Cir., 136 F.2d 159, affirmed 321 U.S. 275, 64 S.Ct. 593, 88 L.Ed. 721.

24. The claim in suit which has, hereinabove, been found to be valid, defines patentable invention over the prior art references asserted by the defendant in this case.

25. The elements of the defendant's accused structures are the full equivalent of the essential elements of the patented invention as defined by Claim 1, function in the same manner, accomplish the same result in the same way, and infringe Claim 1 of the United States Letters Patent No. 2,291,158.

26. Neither Swedish Patent No. 97,-122 nor Swedish Patent No. 97,123 in any way negatives the validity or scope of Claim 1 of United States Letters Patent

No. 2,291,158, and neither of said Swedish patents constitute a dedication to the public of the invention defined by the claim here in suit nor creates any estoppel thereagainst.

27. Neither Swedish Patent No. 97,-122 nor Swedish Patent No. 97,123 is prior art against United States Letters Patent No. 2,291,158.

28. Plaintiffs are entitled to an injunction restraining defendant against further infringement of Claim 1 of United States Letters Patent No. 2,291,158 and to an accounting against defendant for general damages occasioned by defendant's infringement thereof, for the use made of the invention by the defendant, together with interest thereon and costs of this suit, and plaintiffs should have judgment therefor and execution thereon.

29. Under the doctrine of Wine Railway Appliance Co. v. Enterprise Railway Equipment Co., 297 U.S. 387, 56 S.Ct. 528, 80 L.Ed. 736, plaintiffs are entitled to damages for all of defendant's acts of infringement committed during the period beginning 6 years prior to the filing of the Complaint herein and extending to the date of the final accounting herein.

30. All matters regarding damages and costs are reserved for further hearing at such time as an accounting against the defendant as hereinbefore set forth has been accomplished.