## MUMM *v.* JACOB E. DECKER & SONS.

No. 627.   Argued March 29, 1937.—Decided April 26, 1937.

*Mr. Ralph F. Merchant,* with whom *Mr. Frank W. Dahn* was on the brief, for petitioner.

*Mr. Maurice M. Moore,* with whom *Messrs. R. F. Clough, Harold Olsen,* and *O. W. Giese* were on the brief, for respondent.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

This case presents a question of equity pleading in patent suits.

The suit is for infringement and the question is as to the sufficiency of what is called the "short" bill of complaint.  That is, the bill alleges the issue and ownership of certain patents, of which profert is made, compliance with all the requirements of the statute and rules of

practice of the Patent Office, and infringement. The bill does not allege compliance with the requirements of R. S. 4886 and 4887 (35 U. S. C. 31, 32), that is, that the invention, of each of the patents in suit, was not known or used by others in this country before the inventor's invention or discovery thereof, was not patented or described in any printed publication in this or any foreign country before his invention or discovery, or for more than two years prior to his application, and was not in public use or on sale in this country for more than two years prior to his application, that the invention had not been abandoned, and that no application for foreign patents had been filed more than twelve months prior to the filing of the application in this country.

The defendant moved for dismissal of the bill of complaint upon the ground of insufficiency of fact to constitute a valid cause of action in equity. Equity Rule 29. The District Court granted the motion and directed dismissal subject to leave to amend and, amendment not having been made, a final decree was entered, which the Circuit Court of Appeals affirmed. 86 F. (2d) 77. Because of conflict of decisions in the Circuit Courts of Appeals, we granted certiorari. See *Moeller* v. *Scranton Glass Co.*, C. C. A. 3d, 19 F. (2d) 14, sustaining the "short" bill, and *Ingrassia* v. *A. C. W. Manufacturing Corp.*, C. C. A. 2d, 24 F. (2d) 703, to the contrary.[1]

---

[1] For the diverse rulings of District Courts, see *Zenith Carburetor Co.* v. *Stromberg Co.*, 205 Fed. 158; *Maxwell Steel Vault Co.* v. *National Casket Co.*, 205 Fed. 515; *General Bakelite Co.* v. *Nikolas,* 207 Fed. 111; *Pittsburgh Water Heater Co.* v. *Beler Water Heater Co.*, 222 Fed. 950; *Bayley & Sons* v. *Braunstein Co.*, 237 Fed. 671; *Schaum & Uhlinger Co.* v. *Copley Plaza Co.*, 243 Fed. 924; *Jost* v. *Borden Co.*, 262 Fed. 163; *American Laundry Machinery Co.* v. *Prosperity Co.*, 294 Fed. 144; *Aluminum Corporation* v. *Allied Corporation,* 15 F. (2d) 880; *Davis* v. *Motive Parts Corp.*, 16 F. (2d) 148; *White* v. *Studebaker Corporation,* 30 F. (2d) 835; *McCullough Co.* v. *Poultry Producers,* 50 F. (2d) 945.

Prior to the adoption of the Equity Rules in 1912, it was necessary for the plaintiff to allege not only that he was the first, original and sole inventor but also compliance with the negative requirements of R. S. 4886 and 4887. *Sullivan* v. *Redfield,* 23 Fed. Cas. 357; *Blessing* v. *Trageser Copper Works,* 34 Fed. 753; *American Graphophone Co.* v. *National Phonograph Co.,* 127 Fed. 349, 350, 351, and cases there cited. The present diversity of opinion has arisen in relation to the true construction of Equity Rule 25, which provides:

"Hereafter it shall be sufficient that a bill in equity shall contain, in addition to the usual caption:

"First, the full name, when known, of each plaintiff and defendant, and the citizenship and residence of each party. If any party be under any disability that fact shall be stated.

"Second, a short and plain statement of the grounds upon which the court's jurisdiction depends.

"Third, a short and simple statement of the ultimate facts upon which the plaintiff asks relief, omitting any mere statement of evidence. . . ."

The purpose of the Equity Rules was to simplify equity pleading and practice, and with respect to the former to dispense with prolix and redundant averments which had made equity pleading an outstanding example of unnecessary elaboration. The needed improvement in the interest of simplicity and conciseness made the test not what was time-honored in the verbiage of the past but what was essential to set forth the plaintiff's case. His statement was required to be "short and simple." The "ultimate facts" which are to be stated are manifestly distinguished from evidentiary facts. What are these "ultimate facts"? They are the facts which the plaintiff must prove, the facts "upon which the plaintiff asks relief," not the facts which the defendant must prove in

establishing an affirmative defence. No analysis of Equity Rule 25 can make it other than a requirement that the plaintiff must concisely set forth the ultimate facts which are sufficient to constitute his cause of action.

This construction is decisive of the present question. In a suit for infringement of a patent it is not a part of the plaintiff's case to negative prior publication or prior use or the other matters to which R. S. 4886 and 4887 refer. These are matters of affirmative defense. As this Court said in *Cantrell* v. *Wallick*, 117 U. S. 689, 695, 696: "For the grant of letters patent is *prima facie* evidence that the patentee is the first inventor of the device described in the letters patent and of its novelty. *Smith* v. *Goodyear Dental Vulcanite Co.*, 93 U. S. 486; *Lehnbeuter* v. *Holthaus*, 105 U. S. 94." The issue of the patent is enough to show, until the contrary appears, that all the conditions under which a discovery is patentable in accordance with the statutes have been met. Hence, the burden of proving want of novelty is upon him who avers it. Walker on Patents, § 116. Not only is the burden to make good this defense upon the party setting it up, but his burden is a heavy one, as it has been held that "every reasonable doubt should be resolved against him." *Id., Cantrell* v. *Wallick, supra; Coffin* v. *Ogden,* 18 Wall. 120, 124; *Barbed Wire Patent,* 143 U. S. 275, 284, 285; *Adamson* v. *Gilliland,* 242 U. S. 350, 353. What must be so completely established by the defendant cannot be regarded as a part of the plaintiff's case which is to be set forth in his bill under the Equity Rule.

The argument is advanced that it may be salutary as a practical matter to compel the plaintiff to negative affirmative defenses under R. S. 4886 and 4887, as it may sometimes happen that he may not be able to make oath to that effect. A similar requirement as to possible affirmative defenses might prove to be advantageous to a

defendant in other suits than those for patent infringement, but that possibility of benefit does not justify a departure from the standards of correct pleading. There is nothing in the Equity Rule which indicates an intention to preserve the anomalous practice of compelling a plaintiff in a patent suit to allege what he is not required to prove in order to establish his case.

The judgment of the Circuit Court of Appeals is reversed and the cause is remanded for further proceedings in conformity with this opinion.

*Reversed.*