## HOLSKE v. HARDER REFRIGERATOR CORPORATION et al.

District Court, N. D. New York.
June 20, 1939.

Wiswall, Walton, Wood & McAffer, of Albany, N. Y., for plaintiff.

Charles H. Andros, of Albany, N. Y., for defendants.

COOPER, District Judge.

■ The defendant makes these motions:

(1) To make more definite the statement of time set forth in paragraph No. 5 of the complaint, during which it is alleged that the defendant had infringed plaintiff's patent and particularly to state whether any of the infringing acts alleged in said paragraph occurred prior to September 1, 1937.

Inasmuch as the defendants held a license to use plaintiff's patent for a period of time which expires August 31, 1937, the defendants are entitled to be informed whether any of the acts of infringement occurred during the period of the license.

■ This motion is granted.

(2) To furnish the defendant's attorneys with a bill of particulars identifying by type number, model number, or in any other identifiable way the particular refrigerators of defendants' manufacture which it is alleged in paragraph 5 of the complaint embodied invention of plaintiff's patent.

Here the defendants assert that owing to the demand for their product and the fact that they make various refrigerators they have no means of knowing definitely just which manufactured refrigerators are claimed to infringe the patent.

The plaintiff contends that in order to supply the particulars demanded it would need to inspect the refrigerators in the defendant's plant. To this the plaintiff replies that the concern by which the plaintiff is employed sells various of the refrigerators manufactured by the defendant and keeps them in stock.

It seems to this Court that the plaintiff should examine such of the defendant's refrigerators as are in stock in its place of business and that plaintiff makes note of the type number, model number or any other identifiable description thereof, stating which of said refrigerators it is claimed infringe plaintiff's patent, submitting such list or information within ten days from the date of entry of the order and have access to the defendant's plant during the next ten days for the purpose of giving the defendant information as to all other refrigerators manufactured by the defendant not in the plant of plaintiff's employer during the first ten days and furnish defendant's attorneys such additional list within the second ten days.

Plaintiff may also have the right within the next thirty days to furnish the defendant with particulars of any other refrigerators manufactured by defendant by type number, model number or other identifiable description, which are not either in the place of business of plaintiff's employers or at defendant's plant within the first and second period of ten days, above specified.

Plaintiff may have access also to defendant's catalogue at defendant's plant or elsewhere during such period of 30 days, for the purpose of furnishing to the defendant's attorney information of type number, model number, or other indentifiable description of any refrigerator manu-

factured by the defendant and claimed by defendant to infringe his patent.

Plaintiff shall not offer proof upon trial after the expiration of such 50 days (10 plus 10 plus 30) of any infringing machines not enumerated in the three lists to be furnished the first ten days, second ten days or thirty days, except with leave of the Court, to be obtained on motion.

(3) The third motion of the defendant asks the plaintiff to furnish a bill of particulars setting forth all the claims of the patent which plaintiff claims have been infringed by defendant upon which the plaintiff expects to rely on the trial.

There are but three claims in suit and the plaintiff should be able to state upon which of these three claims it relies.

Such information shall be furnished by the plaintiff to the defendant before the expiration of the aforesaid 50 days (10 plus 10 plus 30).

Plaintiff shall be barred from offering in evidence any claims not so specified except upon special leave of the Court to be obtained upon motion.

An order may be entered in accordance herewith.