134

Frank Hanagan and R. E. Smith, both of Benton, Ill., for plaintiff.

Donovan D. McCarty, of Olney, Ill., and Smith & McCollum, of Flora, Ill., for defendants.

See, also, D.C., 33 F.Supp. 71.

Marechal & Noe, of Dayton, Ohio, and Richey & Watts, of Cleveland, Ohio, for plaintiffs.

Toulmin & Toulmin, of Dayton, Ohio, for defendant.

NEVIN, District Judge.

On November 1, 1939, Samuel H. Smith as plaintiff filed his complaint herein against the Buckeye Incubator Company, defendant.

On November 20, 1939, defendant, the Buckeye Incubator Company filed a "Motion for Bill of Particulars and more definite statement". This motion was directed to the complaint. One of the matters covered by the motion had reference to the title to the patent in suit. Pending a disposition of the motion there was filed on December 13, 1939, an amended complaint wherein Samuel H. Smith and the Smith Incubator Corporation are plaintiffs and the Buckeye Incubator Company is defendant.

On December 21, 1939, defendant, the Buckeye Incubator Company filed a "Motion for Bill of Particulars and more definite statement from The Smith Incubator Corporation". This motion was directed to the amended complaint.

On January 11, 1940, counsel for the respective parties appeared in open court, at which time it was agreed (as shown by the transcript) that the motion directed to the original complaint (in which Samuel H. Smith alone was plaintiff) should also now be considered as directed to the amended complaint. The motions, (1) as filed on November 20, 1939 (directed to the original complaint), and (2) as filed on December 21, 1939 (directed to the amended complaint), are in all respects exactly alike, except that there was added in the motion filed on December 21, 1939, sub-paragraphs (e) and (f) in Request No. 1 (with reference to paragraph 4-a of the amended complaint); sub-paragraph (m) in Request No. 2 (with reference to paragraph 5) and sub-paragraph (e) in Request No. 3 (with reference to paragraph 6). Paragraphs 5 and 6 are exactly the same in both the complaint and amended complaint. At the conclusion of its motion filed on December 21, 1939, defendant states that it "will rely upon the authorities cited in its brief in support of the motion for bill of particulars filed as to the plaintiff Samuel H. Smith. Defendant repeats its motion for a bill of particulars heretofore filed as to S. H. Smith".

Defendant submits that its motions are filed in accordance with Rule 12(e) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. It cites numerous authorities in the several briefs that have been submitted in support of its contention that plaintiff should be required to make its complaint more definite and certain in all of the respects requested in the motions stating (Br. Jan. 8, 1940–p. 2) that "plaintiff's position is not sound. Many late cases have sustained motions for bills of particulars".

Plaintiffs submit that the requests, if proper at all, should be brought by way of discovery and not under Rule 12(e); that to proceed thus, under Rule 12(e), "has been strongly disapproved by the recent cases which construe and explain the procedure provided for in rule 12(e)."

Plaintiffs cite many authorities in support of their contention that "the present motion should be denied".

Without entering upon a general discussion of these authorities (reference to some of them will be made later herein) and their effect upon the instant case, the

court has considered the specific requests made in the pending motions and, upon the briefs and arguments of counsel and the applicable law, finds as follows:

1. That so much of each of the motions, respectively, as is contained in the first request thereof, except as to sub-paragraph (b), is not well taken and should be, and it is, overruled.

■ As to sub-paragraph Request 1. (b) plaintiffs, in their brief (filed December 13, 1939—p. 11), say "plaintiff has no objection to supplying information regarding his dates of invention as asked for in request 1(b), provided that defendant furnish plaintiff with full information regarding the dates of all prior patents, publications, prior inventions, prior public uses, etc., upon which defendant intends to rely in its defense. Such exchange of information should be made by each party filing the data in sealed form with the clerk, the envelopes to be opened and the information disclosed to the parties simultaneously. Under the authority of Western Electric Co. v. Maiden-Toledo, Inc.,[1] D.C.N.D.Ohio, the proper time for filing such information is after defendant files its answer." And again (p. 7) "It has frequently been held that a plaintiff should be required to disclose his dates of invention only when defendant is required to file complete information and dates regarding all patents, publications, prior invention, prior use, etc., which it intends to rely on in its defense. Western Electric Co. v. Maiden-Toledo, Inc., supra". See, also, A. B. Dick Co. v. Underwood Typewriter Co., D.C., 235 F. 300, 305.

The court finds that so much of defendant's motion as is contained in sub-paragraph (b) of Request 1 is well taken, and that the motion to that extent should be, and it is, sustained, but that the procedure to be followed is that just above outlined, as suggested in and quoted from the brief of counsel for plaintiffs.

■ 2. That so much of each of the motions, respectively, as is contained in the second request thereof, except as to sub-paragraph (h) is not well taken and should be, and it is, overruled. As to sub-paragraph Request 2. (h) plaintiffs, in their brief (filed December 13, 1939—pp. 4-5), say "Request 2(h) asks that plaintiff be required to state the claims of the patent in suit that plaintiff will rely upon at the trial of this cause as covering defendant's machines. In accordance with established practice, plaintiff is willing to advise defendant provided plaintiff is permitted to inspect the defendant's forms of egg turning mechanisms for incubators as included in its products for the period since the date of issuance of the patent in suit, August 22, 1939; and prior to the filing of the bill of complaint; or, defendant gives to plaintiff drawings and full information with respect to such egg turning mechanisms in such detail as will permit of plaintiff properly to specify such claims. Holske v. Harder Refrigerator Corp. [D.C.] 28 F.Supp. 344". Morton Trust Co. v. American Car & Foundry, 3 Cir., 129 F. 916. And again (Brief filed Jan. 30, 1940—p. 3) "Plaintiffs herein are entirely willing to specify the claims to be relied upon, provided they are permitted to obtain full information regarding all types of egg turning mechanisms for incubators made, used or sold by defendant since the date of the issue of patent in suit".

The court finds that so much of defendant's motion as is contained in sub-paragraph (h) of Request 2 is well taken, and that the motion to that extent should be, and it is, sustained, provided the procedure is followed and the information just above outlined is supplied to plaintiffs by defendant as suggested in and quoted from the briefs of counsel for plaintiffs.

3. That so much of each of the motions, respectively, as is contained in the third request thereof, except as to sub-paragraph (a), is not well taken and should be, and it is, overruled.

As to sub-paragraph Request 3. (a) plaintiffs assert that defendant here is asking "for particulars regarding matters of which it has as much or more knowledge than plaintiff" and plaintiffs cite some authorities to support their claim that this branch of the motion should be overruled.

■ The court is of opinion, however, that defendant is entitled to know now on what date plaintiffs now claim that they (plaintiffs, or either of them) notified defendant of any claim of infringement, and how and by whom plaintiffs now claim the notice was given. The motion in this respect, therefore, is sustained.

■ 4. That so much of each of the motions, respectively, as is contained in the fourth request sub-paragraph (a) is not

---

[1] No opinion for publication.

well taken and that it should be, and it is, overruled. The prayer is no part of a cause of action. The facts alleged, the issues and proof, and not the form of prayer determine the nature of the relief to be granted. This rule is well established. 21 R.C.L. § 53 (p. 489).

■ As to all of those branches of the motions, and each of them, which the court has overruled, it is the view of the court that, as claimed by plaintiffs, the matters therein referred to are purely evidentiary and, if proper at all, should form part of the proofs. A bill of particulars becomes part of the pleading which it supplements. Rule 12(e). To add to the complaint all of the matters requested by defendant would, as plaintiffs claim, be directly contrary to the requirements of Rule 8, subsections (a) and (e), which specify that the complaint shall be short and the allegations simple, concise and direct. Jessup & Moore Paper Co. v. West Virginia Pulp & Paper Co. et al., D.C., 25 F.Supp. 598; Sierocinski v. E. I. Du Pont De Nemours & Co., 3 Cir., 103 F.2d 843; Massachusetts Bonding & Ins. Co. v. Harrisburg T. Co., D.C., 27 F. Supp. 987; Bonney Supply Co. v. Heltzel, D.C., 243 F. 399.

■ In a brief filed on April 26, 1940, defendant says, inter alia, that "No good purpose can be served by requiring defendant to secure this material by interrogatory instead of by motion for a bill of particulars." Whether or not defendant can "secure this material by interrogatory" is a question not now before the court and one upon which it expresses no opinion. The ruling of the court is to the effect only that the information sought should not be supplied in accordance with defendant's present motions "For Bill of Particulars and more definite statement." This is the view also expressed in Brinley v. Lewis, D.C., 27 F.Supp. 313, at page 314, wherein it is stated by the court "It is evident that the framers of these rules did not intend that compliance with Rule 8 should expose a plaintiff to a motion under Rule 12(e). Attention is called to Rules 33 to 37 inclusive, which provide for a simple and expeditious method of obtaining detailed information as to the cause of action and of limiting the issues to be tried."

The amended complaint in the instant case meets all the requirements set out in Mumm v. Jacob E. Decker & Sons, 301 U.S. 168, 57 S.Ct. 675, 81 L.Ed. 983, and defendant's motions should be overruled, except in the respects hereinbefore indicated.

An order may be drawn and submitted by counsel in accordance with the rulings of the court as herein set forth.