## COX v. DOHERTY et al.

### No. 1315.

District Court, S. D. California, Central Division.

Jan. 22, 1941.

Arthur F. Larrabee, of Los Angeles, Cal., for plaintiff.

Dudley, Brown & McCurdy and Harry W. Dudley, all of Los Angeles, Cal., for defendant.

O'CONNOR, District Judge.

The defendant has filed a motion under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for an order requiring plaintiff to make and provide the defendant with a bill of particulars as to certain matters in the complaint.

The motion is granted as to paragraphs eleven (11), twelve (12) and sixteen (16). Compliance with this order is required to be made by plaintiff within fifteen (15) days from the notice of this ruling. Exceptions allowed plaintiff.

The motion of defendant under Rule 12 (e) is denied as to all other demands except as hereinabove stated, without prejudice to any available procedure by defendant under Federal Rules of Civil Procedure. Exceptions allowed defendant.

The rule provides: " * * * a party may move for a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial." Under this rule the defendant has a right to know upon which particular claims plaintiff will rely at the time of the trial. All of the other matters requested by. the defendant are either evidentiary or more particularly within the knowledge of the moving party. Bills of particular should not be used to defeat the purpose of the new rules which strive for simplicity. The tendency of the courts is not to amplify but to restrict the granting of bills of particulars. When a bill of particulars is allowed, it becomes a part of the pleadings. In Mumm v. Decker & Sons, 301 U.S. 168, 57 S.Ct. 675, 81 L.Ed. 983, Chief Justice Hughes approved the elimination of numerous allegations considered, prior to that decision, to be necessary in cases of patent infringement. The granting of motions for bills of particulars, without careful examination, would lose the ground gained in that decision.