**BELLAVANCE v. FRANK MORROW CO., Inc.**

**C. A. No. 104.**

District Court, D. Rhode Island.
July 31, 1941.

On Motion for Bill of Particulars
Aug. 28, 1941.

Sarkis K. Boyajian, of Providence, R. I., and Harold E. Cole, of Boston, Mass., for plaintiff.

Nathaniel Frucht, of Providence, R. I., for defendant.

HARTIGAN, District Judge.

This is a motion for leave to file a supplemental bill of complaint.

The original complaint was filed on February 6, 1941, and charges infringement by the defendant of United States Letters Patent No. 2,108,247, which were issued to the plaintiff on February 15, 1938, for an invention in a bracelet and method of making the same.

On April 19, 1941, the plaintiff filed a motion for leave to file a supplemental bill of complaint which alleges that on April 19, 1938, United States Letters Patent No. 2,114,930 were issued to Peter Manickas for an invention in a bracelet and since that date Peter Manickas was the owner of those Letters Patent until on April 16, 1941, by an instrument in writing he sold, assigned and transferred unto the plaintiff the entire right, title and interest in said Letters Patent No. 2,114,930, including any and all rights of recovery for past infringement thereof, and since April 16, 1941, the

plaintiff has been and still is the owner of said Letters Patent No. 2,114,930.

The defendant has objected to the allowance of this motion.

It is the plaintiff's contention that the Manickas patent is for an improvement upon the same bracelet construction that the plaintiff, Bellavance, originally obtained patent No. 2,108,247 upon, and which constitutes the basis for the original complaint, and that the bracelet manufactured by the defendant infringes both patents.

Rule 15(d), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides: "*Supplemental Pleadings.* Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor."

In Otis Elevator Co. v. 570 Building Corporation et al. (Staley Elevator Co., Inc., Intervener), D.C., 35 F.Supp. 348, 349, the court said: "The defendant Staley Elevator Company's rights are in no way prejudiced. It can make no difference to it whether the case is tried upon a supplemental complaint in this action or upon the original complaint in a new action, as it will receive its day in Court in either event. * * * The granting of this motion is in the interest of expedition, economy, and a speedy disposition of the controversy."

The defendant has not shown to the court that its rights will be prejudiced by the allowance of the plaintiff's motion. On the contrary, it appears to the court, as Judge Moscowitz said in Otis Elevator Co. v. 570 Building Corporation et al., supra, that the granting of the motion in the instant case is in the interest of expedition, economy, and the speedy disposition of the controversy.

The plaintiff's motion is granted and the defendant has until August 20, 1941, to plead. It is so ordered.

On Motion for Bill of Particulars.

Heard on defendant's motion for a bill of particulars of the supplemental complaint.

The plaintiff does not object to furnishing the particulars requested in paragraphs 1 and 2 and is, therefore, ordered to

furnish said particulars on or before September 10, 1941.

The defendant has waived paragraphs 6 and 7 of its motion.

The defendant, however, presses its motion in regard to the following:

3. The plaintiff is requested to furnish and file with the clerk of the Court a sample or samples of defendant's products claimed to be an infringement of patent No. 2,114,930.

4. The plaintiff is requested to state the date of alleged invention of patent No. 2,114,930.

5. The plaintiff is requested to state the date of written notice of his alleged claim of infringement, and how and by whom such notice was given.

The supplemental bill of complaint is for infringement of patent and follows substantially Form 16—Complaint for Infringement of Patent—as set forth in the Appendix of Forms to the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c: "Rule 84. Forms. The forms contained in the Appendix of Forms are intended to indicate, subject to the provisions of these rules, the simplicity and brevity of statement which the rules contemplate."

The defendant cites Holske v. Harder Refrigerator Corporation et al., D.C., 28 F. Supp. 344, as authority for obtaining the information requested in paragraph 3. That case is clearly distinguished from the instant case. In the Holske case the defendants held a license to use plaintiffs' patent for a period of time and the court held the defendants were entitled to be informed whether any of the acts of infringement occurred during the period of the license.

There is no allegation in the instant case that the defendant is a licensee of the plaintiff.

The attorney for the defendant stated that the defendant makes several—perhaps a hundred different types of bracelets. How many of these, if any, infringe the plaintiff's patent, the court at this stage of the proceedings has no way of knowing nor has the court been informed of the amount of money that it might be necessary for the plaintiff to expend in order to procure such samples allegedly made by the defendant.

The court has carefully examined the complaint which complies substantially with said Form 16 and finds that it is sufficiently particular to enable the defendant to frame its answer.

In Lasicki v. Socony Vacuum Oil Co., Inc., D.C., 1 F.R.D. 384, 386, the court said: " * * * The question remains as to whether the complaint is sufficiently definite to enable the defendant to prepare for trial. The words 'prepare for trial' as used in Rule 12(e) of the Rules of Civil Procedure have received a very restricted interpretation both in the decisions of this Court and the majority of those of other jurisdictions. Brinley v. Lewis, D.C., 27 F.Supp. 313; Holtzoff, Alexander: New Federal Procedure and the Courts, p. 36; 1 F.R.D. 345. The reason for this restricted interpretation is based largely upon the theory that the new rules contemplate that the pleadings shall be kept 'short and plain.' The new rules were designed to provide a speedy disposition of a case on its merits. In order that the merits of the case might be fully investigated, extremely broad methods of discovery were provided by the new rules. For this reason it would be improper to regard a motion under Rule 12(e) as an additional method of discovery. To so regard it would render pleadings cumbersome and prolix, in many cases would result in unwarranted delay in reaching the time of trial, and in my opinion would not follow the spirit of the new rules. * * * "

In Wisconsin Alumni Research Foundation v. Vitamin Technologists, Inc., D.C., 1 F.R.D. 8, 9, the court said: "Information as to evidentiary matters which is obtainable on interrogatories, depositions and discovery under the Federal Rules of Procedure may not be obtained by a bill of particulars under Rule 12(e). Rule 12(e) should be applied in a manner to not unduly expand the pleadings, discovery being the proper method for obtaining information that falls outside the category of ultimate facts, and a complaint in a suit for infringement of patent which meets the requirements of Mumm v. [Jacob E.] Decker & Sons, 301 U.S. 168, 57 S.Ct. 675, 81 L.Ed. 983, should not be expanded under Rule 12(e) of the Federal Rules of Civil Procedure." Cases cited.

The requests contained in paragraphs 3, 4 and 5 of the defendant's motion are denied. The defendant will plead on or before September 20, 1941.

It is so ordered.