**BECHIK v. HANDY MATTRESS ACCESSORIES CORPORATION.**

No. 2257.

District Court, E. D. New York.
Jan. 8, 1942.

Morris Kirschstein, of New York City, for plaintiff.

Frederick W. Scholem, of New York City, for defendant.

CAMPBELL, District Judge.

This is a motion for a bill of particulars in a patent suit.

While as stated in Selrite, Inc., v. Tropical Chair Co., Inc., D.C., 1 F.R.D. 438, patent litigation is sui generis, that does not justify the granting of all the demands herein.

Defendant's contention that all the demands herein have been granted before does not convince me that some of them should be granted now. The practice before the Federal Rules of Civil Procedure became effective was quite different than since that time.

Under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the bill of partic-ulars is in reality to make the complaint more definite and certain, so as to enable the defendant to answer the complaint, which it supplements and becomes a part of the pleading.

The remedies of examination be-fore trial, and interrogatories still re-main available in proper cases.

Demand 1, requiring plaintiff to state on what claims of each patent it will rely, is granted.

Demand 2, requiring a statement of the dates of invention of the patents in suit, on which plaintiff will rely, is grant-ed, upon the condition that there be the usual exchange of dates, in the customary manner, defendant giving the dates of in-vention, prior to the filing dates, if any, of any of the patents on which it will rely.

Demand 3, requiring a statement of where models of the alleged inventions may be inspected, is denied, as it is improper under the Rules.

Demand 4, requiring plaintiff to state whether he communicated with the customers of the defendant, urging them to refuse to purchase the goods of the defendant, and similar requests, are not matters which should have been alleged in the complaint. That demand is improp-er under the Rules, and is denied.

Demand 5, requiring plaintiff to state whether or not he has ever purchased any rights or patent applications to any inventions, alleged to be covered by any of the patents sued on, and details thereof, are not matters which should have been alleged in the complaint. That demand is improper under the Rules and is denied.

Demand 6, requiring the plaintiff to state when and in what manner the plain-tiff has given notice of infringement of each of the patents in suit, to the defend-ant, if oral, the substance thereof, and if in writing, a copy of such notice, is proper, as plaintiff pleaded the giving of notice and this demand will properly supplement the complaint and is granted.

Defendant's time to answer will be ex-tended for seven days after service of a copy of the order to be entered hereon, and the bill of particulars on the attorney for the defendant.

Settle order on notice.