## APRIL PRODUCTIONS, Inc. v. STRAND ENTERPRISES, Inc., et al.

District Court, S. D. New York.
March 18, 1948.

Klein & Weinberger, of New York City, for plaintiff.

Rivkin & Rosen, of New York City, for defendants.

RYAN, District Judge.

Plaintiff seeks to recover for copyright infringement of a musical play entitled "The Student Prince." The defendants, before answer, move to dismiss the complaint.

Defendants claim the complaint to be insufficient as a matter of law in that it does not contain a copy of the alleged infringement and a copy of the work alleged to be infringed, as required by Rule 2 of the Rules of Practice in Infringement Proceedings, 17 U.S.C.A. following section 25, adopted by the Supreme Court of the United States, which rule provides: "A copy of

516

the alleged infringement of copyright, if actually made, and a copy of the work alleged to be infringed, should accompany the petition, or its absence be explained; except in cases of alleged infringement by the public performance of dramatic and dramatico-musical compositions, the delivery of lectures, sermons, addresses, and so forth, the infringement of copyright upon sculptures and other similar works and in any case where it is not feasible."

The copyright herein was issued under Title 17 U.S.C.A. § 5(d) which pertains only to "dramatic or dramatico-musical compositions." Rule 9, Copyright Office, 17 U.S.C.A. following section 53, provides that "Dramatico-musical compositions include principally operas, operettas, and musical comedies, or similar productions which are to be acted as well as sung."

"Dramatico-musical compositions differ from dramatic compositions in that, besides a plot, characters and acting, there is present musical and/or vocal accompaniment. Operas, operettas and musical comedies are the most usual form of dramatico-musical compositions." Copyright Law and Practice, Amdur, § 20, p. 127. See also Green et al v. Luby, C.C., 177 F. 287.

The complaint alleges infringement of "a new and original musical score, both lyrics and music, of a musical play entitled 'The Student Prince.'" The musical play alleged to be infringed is sufficiently set forth and described as a dramatico-musical composition and comes within the exception in Rule 2, supra. A copy of the alleged infringement of copyright and a copy of the work alleged to be infringed need not be annexed to the complaint.

It is also urged by defendants that the complaint is defective in that it does not allege any facts showing how plaintiff became the proprietor of the copyright, or how it acquired the right to maintain this action, or how the Schubert Theatre Corporation, plaintiff's assignor, became entitled to copyright of the alleged infringed work.

The allegations of the complaint comply with Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C.A., in that they contain "a short and plain statement of the claim showing that the pleader is entitled to relief". This rule is applicable to copyright actions. Bobrecker v. Denebeim, D.C., 25 F.Supp. 208.

While it is true that the allegations as to the source of ownership of the copyright and of its origin might have been more fully pleaded, sufficient is set forth to apprise the defendants of the facts upon which plaintiff bases its claim. De Loach v. Crowley's Inc., 5 Cir., 128 F.2d 378; Boston Casualty Co. v. Bath Iron Works Corp., D.C., 47 F.Supp. 616.

The complaint alleges ownership, compliance with the statute and infringement. It sets forth plaintiff's claim sufficiently. Mumm v. Jacob D. Decker & Sons, 301 U.S. 168, 57 S.Ct. 675, 81 L.Ed. 983.

Motion denied.