## MARVEL SLIDE FASTENER CORPORATION v. KLOZO FASTENER CORPORATION.

United States District Court
S. D. New York.
Aug. 14, 1948.

Morris Kirschstein, of New York City, for plaintiff.

Morris A. Pomeranz, of New York City, for defendant.

KAUFMAN, District Judge.

Plaintiff filed and served a "short form" complaint charging the defendant with infringement of two patents. One of these patents pertains to a bridge stop for slide fasteners and contains eight claims. Defendant, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, 28 U. S.C.A., has moved for a more definite statement of the complaint requesting the court to require plaintiff to specify with particularity which of the patent claims has been infringed.

In this district at least, patent litigation has been termed sui generis. Selrite, Inc. v. Tropical Chair Co., D.C., 1 F. R.D. 438. And while in any case the Rules of Civil Procedure do not permit a demand for mere evidentiary matter under Rule 12(e), nevertheless the general practice in patent infringement suits has been to require the plaintiff to state which claims of a patent he alleges to have been infringed. Smith v. Buckeye Incubator Co., D.C., 33 F.Supp. 71; Bechik v. Handy Mattress Accessories Corp., D.C., 2 F.R.D. 289; National Nut Co. v. Kelling Nut Co., D.C. 61 F.Supp. 76.

This rule, of long standing, was summarized in Bonney Supply Co. v. Heltzel, 6 Cir., 243 F. 399, where the court said: "In legal contemplation each separate claim is an independent patent, and the invention thereby covered patentable in and of itself. In other words, each claim is supposed to mean something different from the others. The patent in this case contains 10 claims. The defendant's construction may infringe some one or more of these claims, but it is not probable that it infringes all of them. The complainant knows, or should know, which of these separate claims are infringed; and it is therefore proper, in the interest of greater certainty and definiteness, that it be required to specify which of the ten claims it intends to rely on—in other words, give further and better particulars of the matter of infringement contained in its pleading." 243 F. at page 404.

The complaint in this case, while sufficient to withstand a motion to dismiss, Mumm v. John E. Decker & Sons, 301 U. S. 168, 57 S.Ct. 675, 81 L.Ed. 983, does not afford the defendant sufficient information upon which to prepare his responsive pleadings.

Defendant makes a further request that plaintiff's pleadings be further clarified with regard to a certain design patent which the complaint alleges defendant also has infringed. Defendant asserts that because the material parts of the design

patent are embodied in the mechanical patent previously referred to, he is unable to determine what the ornamental design is upon which plaintiff claims infringement.

The complaint charges the defendant with infringing this patent on "slide fastener stringers" and the patent itself is entitled "Design for a Slide Fastener Stringer." If the patent is ambiguous, as charged by the defendant, that question will be determined on the trial. The plaintiff states his claim with ample clarity to enable the defendant to prepare his answer.

Motion granted to the extent indicated herein with respect to patent 2,397,037, and denied with respect to Design Patent 136, 125. Settle order on notice.