LOROCO INDUSTRIES, Inc., v. STEELE et al.

No. 5001.

United States District Court
W. D. Missouri, W. D.

Nov. 26, 1948.

J. Warren Kinney, Jr., of Cincinnati, Ohio, and C. Earl Hovey, of Kansas City, Mo., for plaintiff.

W. F. Woodruff, Lucian Lane and Charles W. Gerard, all of Kansas City, Mo., for defendants.

REEVES, Chief Judge.

This suit involves the question of infringement of two letters patents (being Nos. 1,879,918 and 2,149,192) granted to the personal defendant on September 27, 1932, and February 28, 1939, respectively. The first relates to a laundry appliance and had particular reference to stiffening bands for temporary use in reinforcing attached shirt collars in order that they might not be crushed when bound into a package. And the principal object of the device was to afford a double reinforcement for the collar, and it was so designed that it could not be readily displaced when the shirt was being handled. The second patent was intended as an improvement on the supporting device mentioned in the first patent. It consisted of an interconnecting portion or means extending partly over the front end of the outer collar fold in such a way as to press the outer collar fold upon other portions of the collar to hold each part in place. As indicated by the dates, the patents are comparatively recent..

The plaintiff was engaged in manufacturing a collar support admittedly performing some of the same functions of the personal defendant's devices. Because the defendants had made complaints of infringement, and, in order to put at rest all controversy and resolve any doubt that might exist, the plaintiff brought suit as authorized by Title 28 U.S.C.A. §§ 2201, 2202, relating to Declaratory Judgments. In its complaint the device used by it was exhibited. It asserted that there was no infringement and asked for an injunction to prohibit the defendants and others

from further asserting that there was such an infringement.

The defendants admitted authorship, ownership and licensing rights under the patents named. They asserted infringement and on their part prayed for an injunction against further alleged infringement and for an accounting of profits and damages.

Since the personal defendant and his licensee asserted ownership of the patent and that the plaintiff had infringed, they necessarily assumed the burden of proof.

The commercial success of the devices is admitted, and, moreover, no challenge is made to the validity of the patents. The sole question at issue is whether the device employed by the plaintiff was an infringement of the device with patented improvement belonging to the defendants. This issue, of course, depends upon the patentability of the devices. It was contended by the plaintiff that one of its devices (and the claimed offending device) called "TAB-LOCK" did not involve a double collar support but that it was a single support with an enlongated wing in front and an element or means inside the neckband designed solely to hold the device in place and that it did not give, and was not intended to give, such support as contemplated by the defendant's double support device.

The only differences between the two devices were that the enlongated portion on the inside of the neckband was larger in the defendants' device and the wing support on the outside was not at the corners of the collar fold, but lower down.

1. The overwhelming preponderance of the testimony was that the inner neckband portion of plaintiff's device performed the identical function of that of the defendants. Because of its smaller size it was not as efficient, however, as that of the defendants. The wing portion, which doubtless gave the name TAB-LOCK to plaintiff's device, performed an identical function with that of the defendants, although it was so set as to be lower down on the front of the collar. It engaged the two folds in the same manner. Again, it may be doubted whether it was as efficient as that of the defendants. The question of infringement is one of fact and must be found in favor of the defendants.

2. Adverting to the claims of the defendants' devices, it is to be noted with respect to the inside embracing or supporting portion or means that it constituted only "a substantial portion" of the inside neck engaging face. This language is found in Claims 2, 3, 4 and 5 of the first patent issued to the defendants.

It is not contended that Claim 1 of the first patent and Claim 4 of the second patent were infringed. That the portion or means of plaintiff's device for the inside of the collar was a substantial element could not be denied. That it performed the identical function, though not as efficiently, was overwhelmingly established by the evidence. Moreover, the experimentation conducted in the courtroom showed that the device of the plaintiff was in fact a double support or reinforcement for the collar.

It should be stated that both devices were designed for stiffening and supporting attached collars, and, as said by the Court of Appeals, this Circuit, in General Motors Corporation v. Kesling, 164 F.2d 824, loc. cit. 832, "The scope of a patent is not a mathematical measurement."

The plaintiff interposes the doctrine of estoppel for the reason that in the history of the patents and the preliminaries leading up to such grants, at one time the personal defendant had indicated that the inside neckband support was to be flush with the inside neckband. The language of the claim was modified so as to read as above indicated. Moreover, the object of the patents was not a fixed and unchangeable measurement as to size, width, length, etc., but the whole purpose of the patents was to afford double support or reinforcement for collars attached to laundered shirts. Since the object was a double support, then any double support, whether perfectly efficient or only comparatively so, could not defeat the benefits of the defendants' monopoly by the assertion that an element, though imitating that of the plaintiff, was not as large as that used by the defendant. The wing-

tab or element in front performed, to a degree, the identical function of the wing-tab of defendants' device; though again, probably not as efficiently. If the plaintiff contends that its inside neckband portion was only intended to attach more firmly the outside single support, then this could have been accomplished by a very short and miniature means or band. However, it is obvious that the device was so constructed as to afford additional utility to that element and such utility was undoubtedly to brace and support the inside of the collar. It would follow that, being a brace and means giving support, it would be an infringement.

3. A question is raised in the briefs, but not in the pleadings, as to the patentability of the device in the light of the prior art. In Montgomery Ward & Co. v. Clair, 8 Cir., 123 F.2d 878, loc. cit. 881, the Court of Appeals, this Circuit, laid down this firm principle:

"The law is that whoever finally perfects and improves a device and renders it capable of practical, useful and effective operation is entitled to a patent although others had the idea and made experiments toward putting it into practice."

This principle applies to this case. Also, in the case of Lincoln Stores v. Nashua Mfg. Co., 1 Cir., 157 F.2d 154, loc. cit. 162:

"An inventor cannot be denied the rights derived from a patent merely because he has combined elements, all of which were known to the prior art, if he has produced something involving novelty and utility."

The question of invention is a question of fact. Wood v. Peerless Motor Corporation, 6 Cir., 75 F.2d 554.

Patents have been granted for collar stiffeners before that of the defendants. In like manner, patents have been granted since, but none of them met the needs and demands as did that of the defendants. The defendants' device was efficient; it was commercially successful;

it was cheap. It apparently met a long felt want. Moreover, the law presumes that it was a patentable device in virtue of the fact that it was granted by the patent office. The Supreme Court, in Mumm v. Jacob E. Decker & Sons, 301 U.S. 168, loc. cit. 171, 57 S.Ct. 675, 676, 81 L.Ed. 983, in quoting from a former case [Cantrell v. Wallick, 117 U.S. 689, 695, 696, 6 S.Ct. 970, 974, 29 L.Ed. 1017], said:

" 'For the grant of letters patent is prima facie evidence that the patentee is the first inventor of the device described in the letters patent, and of its novelty.' "

Then the court followed with this language:

"The issue of the patent is enough to show, until the contrary appears, that all the conditions under which a discovery is patentable in accordance with the statutes have been met. *Hence, the burden of proving want of novelty is upon him who avers it.*"

In view of the foregoing it must be held that the device was a patentable device and that it was infringed. As said by the court in Montgomery Ward & Co. v. Clair, supra [123 F.2d 881], there is an infringement where the infringing device is substantially identical with the one alleged to have been infringed, "in (1) the result attained; (2) the means of attaining that result; and (3) the manner in which its different parts operate and co-operate to produce that result." There is no substantial difference in either of the respects mentioned.

The patent was upheld in two district court cases to which the defendants have called attention. This fact would be persuasive here.

In view of the above defendants are entitled to a decree as prayed. Counsel for the defendants will prepare and submit an appropriate decree together with findings of fact and statement of conclusions of law in accordance with this memorandum.