**COYNE & DELANY CO. et al. v. G. W. ONTHANK CO. et al.**

**Civ. No. 1–18.**

United States District Court
S. D. Iowa, Central Division.

Aug. 16, 1950.

See, also, D.C., 90 F.Supp. 505.

Maxwell A. O'Brien (of Parrish, Guthrie, Colflesh & O'Brien), and Rudolph L. Lowell, all of Des Moines, Iowa, for defendant-movant.

F. A. Ontjes, Mason City, Iowa, and B. J. Powers, Des Moines, Iowa, for plaintiffs.

SWITZER, District Judge.

The plaintiffs filed and served a complaint charging the defendants with infringement of eight patents, one of these patents appears to be a reissue of another. It appears that in all the said eight patents include fifty-five patent claims. The complaint fails to specify with particularity whether plaintiffs contend that each and every claim under all the pending patents are infringed or whether but a part of them are so infringed. The plaintiffs' complaint includes only a general statement or allegation as to infringement of the letters patent. Defendants, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A., have moved for more definite and certain statement of the complaint and requested the court to require plaintiffs to specify with particularity which of the patent claims have been infringed.

The plaintiffs urge that to grant this motion would be in effect to compel the plaintiffs to plead evidentiary matter, which is not contemplated admittedly under Rule 12(e). It seems clear, however, that the general practice in patent infringement suits has been to require the plaintiff to state which claims of a patent he alleges to have been infringed. Smith v. Buckeye Incubator Co., D.C., 33 F.Supp. 71; Bechik v. Handy Mattress Accessories Corp., D.C., 2 F.R.D. 289; National Nut Co. of California v. Kelling Nut Co., D.C., 61 F. Supp. 76.

The rule was applied prior to the adoption of the present rules of civil procedure and has been given approval since their adoption Marvel Slide Fastener Corporation v. Klozo Fastener Corporation, D.C.N.Y.1948, 80 F.Supp. 366. The rule itself was summarized in Bonney Supply Co. v. Heltzel, 6 Cir., 243 F. 399, 404. The court said: "In legal contemplation each separate claim is an independent patent, and the invention thereby covered patentable in and of itself.` In other words, each claim is supposed to mean something different from the others. The patent in this case contains 10 claims. The defendant's construction may infringe some one or more of these claims, but it is not probable that it infringes all of them. The complainant knows, or should know, which of these separate claims are infringed; and it is therefore proper, in the interest of greater certainty and definiteness, that it be required to specify which of the ten claims it intends to rely on—in other words, give further and better particulars of the matter of infringement contained in its pleading."

■ Even though the complaint in the instant case meets the requirements specified in the case of Mumm v. Jacob E. Decker and Sons, 301 U.S. 168, 57 S.Ct. 675, 81 L.Ed. 983, its failure to clarify which of the claims plaintiffs contend have been infringed fails to give sufficient information to the defendants upon which to prepare their responsive pleading. This court, therefore, feels compelled to adopt the general rule as stated above.

■ Defendants also move the court to protect them against the cost of preparation to defend such of the claims on which plaintiffs allege infringement but which, upon the trial of this cause, plaintiffs may abandon so far as proof or attempted proof by evidence is concerned. The motion seeks an order in pursuance of Section 1927, Title 28, U.S.C.A., which provides, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case as to increase costs unreasonably and vexatiously may be required by the court to satisfy personally such excess costs."

To grant this motion at this stage of the proceedings would in effect amount to a predetermination of liability under the statute and would clearly constitute an abuse of judicial discretion. Attorneys at law duly admitted to practice in this court and in good standing are presumed to be acting in good faith and with no intent to knowingly and deliberately increase the costs in any litigation unless and until the contrary is clearly shown. Whether certain costs should or should not be taxed as provided for in Section 1927, supra, will be determined upon proper motion at the time of the final submission of the cause. This motion must, therefore, at this time be overruled.

The Clerk will enter the following order:

The above entitled matter came on for hearing in open court at Des Moines, Iowa, on the Motion of the defendants for More Definite and Certain Statement and Regarding Costs. Arguments were had both orally and by written briefs, and the court being fully advised,

It Is Ordered that the Motion of the defendants for More Definite and Certain Statement be and the same is hereby sustained.

It is further Ordered that the Motion Regarding Costs of the defendants be and is hereby overruled.

It is further Ordered that plaintiffs be and are hereby granted 20 days from the date of the entry of this order within which to comply therewith. Both parties except.