**J. D. FERRY CO., Inc. v. MACBETH ENGINEERING CORP. et al.**

Civ. A. No. 3862.

United States District Court
M. D. Pennsylvania.

Jan. 4, 1951.

Earl V. Compton, of Compton & Handler, Harrisburg, Pa., Herbert J. Jacobi, of Jacobi & Jacobi, Washington, D. C., for the plaintiff.

S. A. Schreckengaust, Jr., James H. King, of McNees, Wallace & Nurick, Harrisburg, Pa., Adams & Bush, Washington, D. C., for the defendants.

FOLLMER, District Judge.

Plaintiff filed and served a complaint charging the defendants with infringement of ten patents. These patents contain in the aggregate two hundred one claims.

Defendants, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A., have moved for a more definite statement of the complaint requesting the court to require plaintiff to specify with particularity which of the patent claims have been infringed. Defendants also moved that plaintiff be required to state the specific steps in defendants' process and the specific parts or elements of defendants' apparatus which constitute the alleged infringement of the process and apparatus claims relied upon by the plaintiff in its suit.

I am of the opinion that the complaint does not afford the defendants sufficient information to prepare their responsive pleadings. The general practice in patent infringement suits has been to require the plaintiff to state what claims of a patent he alleges to have been infringed.[1] On the other hand, the practice is just as firmly established that motions similar to defendants' second motion herein should not be allowed, the reason being that such request calls for evidentiary detail, for plaintiff's interpretation of the claims and its opinion thereon, and for plaintiff's theory as to infringement.[2]

Defendants make a further request for an order providing that, if the claims included by plaintiff in said statement are not fairly presented and urged at the trial of this action, the plaintiff is to pay the full cost to defendants of preparing to contest said claims. It is felt that this motion is untimely and should be refused. The disposition of costs can more properly await the termination of the trial.

An order will therefore be entered requiring the plaintiff to specify within 20 days which claim or claims of the patent in suit it intends to rely upon, and overruling the motion in all other respects.

1. Bonney Supply Co., Inc., v. Heltzel, D. C.N.D.Ohio, 243 F. 399; Bechik v. Handy Mattress Accessories Corporation, D. C.E.D.N.Y., 2 F.R.D. 289; National Nut Co. of California v. Kelling Nut Co., D.C. N.D.Ill., 61 F.Supp. 76; Marvel Slide Fastener Corporation v. Klozo Fastener Corporation, D.C.S.D.N.Y., 80 F.Supp. 366.

2. A. B. Dick Co. v. Underwood Typewriter Co., D.C.S.D.N.Y., 235 F. 300; Midwest Mfg. Co., Inc. v. Staynew Filter Corporation, D.C.W.D.N.Y., 11 F.Supp. 705; E. I. Du Pont De Nemours & Co. v. Byrnes, D.C.S.D.N.Y., 1 F.R.D. 34; National Nut Co. of California v. Kelling Nut Co., supra.