**BOAS BOX COMPANY, Plaintiff,**

v.

**PROPER FOLDING BOX CORPORA-
TION, Defendant.**

No. 68-C-932.

United States District Court,
E. D. New York.

April 12, 1971.

James & Franklin, New York City,
for plaintiff.

William A. Drucker, New York City,
for defendant.

## MEMORANDUM OF DECISION AND ORDER

MISHLER, Chief Judge.

### Pleadings

The amended complaint states a claim for declaratory judgment praying that patent No. 2,988,259 be adjudged invalid and not infringed and a second claim for false marking (35 U.S.C. § 292). Defendant assignee of the patent issued to James N. Callinicos and assignee of a prior patent issued to James N. Callinicos under U.S. Patent No. 2,821,297 counterclaimed for patent infringement

of both patents and for unfair competition in the claimed use by plaintiff of defendant's trade brochures, promotional materials and art work. Plaintiff's reply put in issue the validity of the prior patent.

## Background

The application upon which U.S. Patent No. 2,821,297 was issued was filed by the inventor James N. Callinicos on October 5, 1954.[1]

Subsequent to the issuance of Callinicos I and on July 28, 1959, an application for an "Improved Adjustable Floral Package" was filed by Mr. Callinicos. The application stated "Specifically this invention involves a further improvement on my earlier invention which was awarded U.S. Patent No. 2,821,297 on January 28, 1959."[2]

The subject matter of the patents is a paperboard box blank capable of being

1. The application set out 20 claims. The Examiner disallowed all claims in a communication dated June 3, 1955, citing as prior art:

| | | |
|---|---|---|
| O'Mesra | 661,071 | Nov. 6, 1900 |
| Lemke | 1,439,426 | Dec. 19, 1922 |
| Williams | 1,515,983 | Nov. 18, 1924 |
| Miner | 1,866,317 | July 5, 1932 |
| Means et al. | 2,138,112 | Nov. 29, 1938 |
| Acker | 2,507,080 | May 9, 1950 |

After amendment of the application was filed on September 27, 1955, the Examiner again disallowed all claims by communication mailed June 19, 1956 citing Anderson, 2,492,454 Dec. 27, 1949.

Claims "13" and "14" were allowed on condition that the language be changed in two places in a communication mailed March 18, 1957. Letters Patent for "Adjustable Floral Package" issued on January 28, 1958.

The claims of U.S. Patent No. 2,821,297 read as follows:

1. A flower package comprising a floral object and a folded paperboard unit packaging the same, said unit comprising a base panel on which said object rests, side walls integrally connected by creases to said base panel and disposed in vertically upstanding relation thereto, releasably connected end wall forming flaps hinged to ends of said side walls and spanning the adjoining end margins of said base panel in vertical relation thereto, and internal object restraining wall sections integrally connected to said adjoining end margins, said object restraining sections being disposed inwardly of said walls and being subdivided by creases into flexibly connected, inwardly cupped areas in upwardly convergent relation, surrounding and confining said floral object.

2. A flower package comprising a floral object and a folded paperboard unit packaging the same, said unit comprising a base panel on which said object rests, side walls integrally connected by creases to said base panel and positioned in oppositely disposed vertically upstanding relation thereto, releasably connected end wall forming flaps hinged to ends of said walls and being subdivided by of said base panel in vertical relation thereto, internal object restraining sections connected to said base panel and disposed within said walls and being subdivided by creases into flexibly connected, inwardly cupped areas in upwardly convergent relation, surrounding and confining said floral object, with areas of one of said sections overlapped on those of the other in a degree determined by said object, and means securing said areas together at the so determined overlap.

2. The application set out seven claims. The Examiner denied all the claims in a communication mailed January 29, 1960 citing

| | | |
|---|---|---|
| Roscoe | 2,125,813 | Aug. 2, 1938 |
| Arneson | 2,734,677 | Feb. 14, 1956 |
| Schluembach | 1,209,363 | Dec. 19, 1916 |
| Newton | 1,905,119 | Apr. 25, 1933 |
| Burden | 2,846,133 | Aug. 5, 1958 |

The Examiner disallowed all claims by a communication mailed on July 20, 1960. By correspondence dated July 14, 1960, the applicant added an eighth claim to the application and set out at length arguments attempting to distinguish the claims from the prior art cited and their unobviousness. All these claims were again rejected by a communication mailed Dec. 14, 1960 as reading on the prior cited art. After a proposed amendment, filed on Feb. 10, 1961, the Examiner allowed six claims conditionally. Letters Patent were issued to the inventor on June 13, 1961 (hereinafter called Callinicos II). The claims of Patent No. 2,988,259 read as follows:

1. A blank for selective assembly into one of several packaging forms comprising, in combination, a substantially square base, two rectangular side panels foldably connected to each side of said base, rectangular end flaps foldably connected to the ends of said side panels, end flap tips foldably con-

folded into various shapes. Callinicos II has the added feature of expandability and greater variety of shapes by reason of the crosswise crease. The claims in Callinicos I describe in general language a paperboard box blank which has a base panel in the center in the form of a square; on two sides, at the crease mark, are side panels, with additional folds, tabs and/or slits (tongues) which, when folded around and towards each other on other crease marks, form the four walls of the folded box. On the other two sides of the base panel are two end panels which, when pressed towards each other, overlap and thereby create the restraining member.

The claims set forth in Callinicos II set out the proportion of the various parts of the box blank to each other. This is missing in Callinicos I. Claims "2", "4" and "5" of Callinicos II limit the invention to notches, tabs and the additional crosswise crease herein referred to.

The plaintiff's box blank, manufactured, sold and distributed since the summer of 1968 and marked Defendant's Exhibit M, infringed Callinicos II. However, since the court finds both patents invalid, defendant's counterclaim is dismissed.

### Prior Art

The plaintiff concedes that the claims of the Callinicos patents were not anticipated by the prior art cited by the Patent Office Examiner. The plaintiff offered prior art which was overlooked by the Patent Office Examiner.

The use of an internal restraining member is not new to the design of box blanks. Payne, U.S. Patent No. 2,225,483 discloses a restraining member is a box blank designed for a hatbox. (Payne, U.S. Patent No. 2,225,483—Dec. 14, 1940.)

Berke, U.S. Patent No. 2,257,151, September 30, 1941, also discloses an internal restraining member with a pair of

nected to the ends of said end flaps, said end flaps and said end flap tips together being shorter than the width of said base, end panels foldably connected to the ends of said base, each having a rectangular inner portion of the same length as said end flaps and an outer portion foldably connected to said inner portion and being of substantially the same length as the width of said side panels and said end flaps, said end panels containing diverging creases extending from their outer edges towards said base, and lateral tabs foldably connected to and extending sideways from the outer portions of said end panels, the inner portions of said end panels and said end flaps being slightly longer than the width of said side panels and said end flaps.

2. The combination according to claim 1 wherein the outer edges of said end panels contain centrally located conforming notches.

3. The combination according to claim 2 wherein the outer portions of said end panels are each at least one-half as long as said base.

4. The combination according to claim 3 with the addition of tabs cut in said base adjacent to said side panels.

5. The combination according to claim 4 wherein said end panels each contain a crosswise crease in their outer portions below the extension of said lateral tabs.

6. A blank for selective assembly into one of several packaging forms comprising, in combination, a substantially square base, two rectangular side panels foldably connected to each side of said base, end flaps foldably connected to the ends of said side panels, two end panels foldably connected to the ends of said base each having a rectangular inner portion of the same length as said end flaps and an outer portion foldably connected to said inner portion and being of substantially the same length as the width of said side panels, said end panels having outer edges containing central conforming notches and lateral tabs foldably connected to and extending sideways from the outer portions of said end panels, said end panels containing diverging creases extending from the center of the outer edges of said end panels towards the sides of said base, the outer portions of each of said end panels being one-half the length of said base and containing a crosswise crease below the extension of said lateral tabs from said end panels.

panels which projected upwards from the base towards each other in a box blank for assembling a hatbox.

Prather, U.S. Patent No. 1,862,980, June 14, 1932, discloses two internal restraining members brought upward from the sides and joined together to hold a cake or pie.

Lemke, U.S. Patent No. 1,479,426, December 19, 1922, cited in Callinicos I, discloses the use of locking tabs in a blank used to assemble a plant box.

The use of additional fold lines to give greater flexibility and expandability to the box blank is found in

Eichorn, U.S. Patent No. 2,942,770 (June 28, 1960),

Scaturro, U.S. Patent No. 2,793,802 (May 22, 1957), and

Wagenseller, U.S. Patent No. 2,037,839 (April 21, 1936).

### *Presumption of Validity*

■ An issued patent carries the presumption of validity. 35 U.S.C. § 282. The burden of establishing invalidity is upon the plaintiff making the claim. Mumm v. Jacob E. Decker & Sons, 301 U.S. 168, 57 S.Ct. 675, 81 L.Ed. 983 (1937).

■ The presumption can be overcome only by clear and convincing proof. Radio Corporation of America v. Radio Engineering Laboratories, 293 U.S. 1, 55 S.Ct. 928, 79 L.Ed. 163 (1934).

■ The presumption arises from the acknowledged expertness and experience of the Patent Office personnel. Georgia Pacific Corporation v. United States Plywood Corporation, 258 F.2d 124, 133 (2d Cir. 1958), cert. denied, 358 U.S. 884, 79 S.Ct. 124, 3 L.Ed.2d 112. Where the file wrapper discloses full and careful consideration of all the pertinent art, the presumption is entitled to particular weight. However, where the claims were repeatedly reviewed and rejected and where all the pertinent art was not examined by the Patent Office Examiner, the presumption is weaker. Zoomar, Inc. v. Paillard Products, Inc., 258 F.2d 527, 530 (2d Cir. 1968), cert. denied, 358 U.S. 908, 79 S.Ct. 237, 3 L.Ed.2d 230; Lorenz v. F. W. Woolworth Co., 305 F.2d 102, 105, n. 7 (2d Cir. 1962); Aerotec Industries of Cal. v. Pacific Scientific Co., 381 F.2d 795 (9th Cir. 1967), cert. denied, 389 U.S. 1049, 88 S.Ct. 788, 19 L.Ed.2d 843.

### *Obviousness and Anticipation by the Prior Art*

Callinicos I and Callinicos II are combined patents combining elements long known in the art of box folding. The advance is in the use made of the internal restraining member. The method of using the internal restraining member is adaptable to floral objects. Though useful in this better way of restraining a floral object in a folded box in combination with known elements, such advance does not rise to the level of invention. Further, the combination of such known elements is one that would have been obvious to a person having ordinary skill in the art of folding boxes. These claims are not entitled to patent protection.

■ If the net effect is to diminish that store of prior art which is public property—in the public domain—then patent protection must be denied. Graham v. John Deere Co., 383 U.S. 1, 6, 86 S.Ct. 684, 688, 15 L.Ed.2d 545 (1966); Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 151, 71 S.Ct. 127, 130, 95 L.Ed. 162 (1950), quoting with approval, Lincoln Engineering Co. of Illinois v. Stewart-Warner Corp., 303 U.S. 545, 549, 58 S. Ct. 662, 664, 82 L.Ed. 1008 (1938).

The subject matter must be "new and useful"[3] though patent monopoly must be denied.

---

3. 35 U.S.C. § 101 provides:
   Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

"* * * if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103.

■ Though the test of obviousness is difficult to apply and keeping in mind the admonition of Judge Medina in *Lorenz* that obviousness must relate to the "time the invention was made", I find that the claims in Callinicos I and Callinicos II were obvious to a person having ordinary skill in the art of folding boxes.

### Claim of Unfair Competition

The unfair competition claim by the defendant is based upon the manufacture, sale and distribution of the infringing box blank and the distribution of an instruction sheet which contained art work used by defendant. (Defendant's Exhibit O). The defendant conceded that the plaintiff never represented his box blank as the defendant's product nor did he ever use the instruction sheet to indicate that it might be used for the defendant's box blank. All the defendant is claiming with reference to the instruction sheet is that the plaintiff used the art work contained in the instruction sheet that was distributed in connection with the patented item manufactured under a license to Lindley Box and Paper. The defendant's instruction sheet is captioned "How to fold the Boas box."

■ The defendant has failed to show that the plaintiff's practices constituted palming off, actual deception or appropriation of another's property. Norwich Pharmacal Company v. Sterling Drug, Inc., 271 F.2d 569 (2d Cir. 1959).

Plaintiff is entitled to judgment declaring United States Patent No. 2,821,297 and United States Patent No. 2,988,259 to be invalid and void and dismissing the defendant's counterclaim. Judgment to be settled on five (5) days notice.

Findings of Fact and Conclusions of Law have this day been filed.